# United States to use, Appellant, *v.* American Surety Company (No. 2).

*Principal and surety — Bond—Suit in name of United States— Public works—Demurrage.*

The labor and materials which congress intended to protect by the act of August 13, 1894, p. 236, of supplement to Revised Statutes of the United States, vol. 2, Nos. 1–5, are such as are used directly upon the public work, and do not include demurrage for the detention of a vessel.

Argued April 28, 1902. Appeal, No. 144, April T., 1902, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., June T., 1901, No. 439, on verdict for plaintiff in case of United States to use of Anchilles Ancorani v. American Surety Company.

160 UNITED STATES, Appellant, *v.* SURETY CO. (NO. 2).

Statement of Facts—Opinion of the Court. [21 Pa. Superior Ct.

Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and
W. D. PORTER, JJ. Affirmed.

Assumpsit upon a bond of surety.

For the facts see United States to use v. American Surety
Company (No. 1), ante, p. 153.

*F. C. McGirr*, of *Marron & McGirr*, for appellant.

*A. J. Rose*, with him *W. S. Thomas*, for appellee.

OPINION BY W. D. PORTER, J., July 10, 1902 :

The plaintiff appeals from the action of the court below in
reducing the verdict by the amount of the claim of plaintiff for
demurrage therein included. We have reversed the judgment
in an opinion this day filed in an appeal by the defendant from
the same judgment, but as the case must go back for retrial
the question presented by plaintiff's appeal will again arise.
Demurrage is a compensation to the owner for the detention of
his vessel beyond the days allowed for loading or unloading;
a remuneration for the earnings she is improperly caused to
lose. Plaintiff and Hegeman & Company, the principal con-
tractors, had by their agreement fixed the time to be allowed
for unloading each flat at two days after delivery, and cove-
nanted that demurrage at the rate which Ancorani paid to the
owners for the rental of the flats should be allowed for any
delay beyond that period. This was compensation for the use
or detention of the flats, and not labor or material which went
into the construction of the dam. The labor and materials
which congress intended to protect by the Act of August 13,
1894, page 236 of supplement to Revised Statutes of the United
States, vol. 2, Nos. 1–5, are such as are used directly upon the
public work, and do not include the freight charges on mate-
rials carried : United States to use of Sabine & E. T. Railway
Company v. Hyatt, 92 Fed. Repr. 442. It was not in-
tended that by force of the act and the bond to be given under
it a private individual should have the right to maintain an
action in the name of the United States against the surety in
the bond for failure to perform a contract, or negligence or
delay in such performance. The right of the private individual

to recover against the surety is confined to claims for labor and materials which go into the public work. We agree with the learned judge of the court below in holding that the plaintiff could not recover from the surety this particular item of his claim.

The appeal of the plaintiff is dismissed at his cost.