UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF ELIAS LYMAN COAL COMPANY *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

October Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed February 27, 1909.

*United States—Contractor's Bonds—Construction—"Materials" —Coal Furnished—Extension of Time—Burden of Proof— Question for Jury.*

The Act of Congress of August 13, 1894, requires the contractor for a public work to give a bond faithfully to perform the contract and promptly to pay for all labor and materials supplied him for the work. A contract provided that the contractor should furnish "materials for the construction of" specified buildings for the United States government, "all in accordance with the plans and specifications" made a part of the agreement. The condition of the contractor's bond was for the performance of the covenants and agreements in the contract and for the prompt payment of all labor and materials supplied the contractor for the work. *Held,* that the bond contained two distinct convenants, one for the performance of the contract and the other for the protection of persons supplying labor or materials, and that the latter should be interpreted in the light of the former, and the meaning of the word "materials" in the bond, whether it includes coal furnished the con-

tractor for use in the heating plants and for heating buildings
provided for in the contract, while the work of plastering, laying
floors, painting and varnishing was being done, should be ascer-
tained from the contract, including the specifications, and in the
light of the circumstances surrounding the transaction; for what-
ever "materials" are fairly within the express or implied terms of
the contract are within the scope of the bond.

In an action on such a bond for the price of coal furnished the con-
tractor for use in connection with the construction of the buildings
contracted for, but furnished after the expiration of the time fixed
by the contract for the completion of the work, the burden is on
plaintiff to show that an extension of time was granted; and there
being no written extension of time, and the parol evidence bearing
on that question being conflicting, it was a question for the jury.

COVENANT on a contractor's bond given in conformity to the
Act of Congress of August 13, 1894. Formal pleadings waived
by each party, and all necessary pleadings treated as filed.
Trial by jury at the September Term, 1907, Chittenden County,
*Powers,* J., presiding. At the close of all the evidence the de-
fendant moved that a verdict be directed in its favor for that
coal is not "material" within the meaning of either the bond or
of the Federal statute. Motion overruled, and verdict directed
for the plaintiff for $1,155.61 damages, and costs, and judgment
thereon. The defendant excepted. The opinion states the case.
See next following case.

*E. H. Horton* and *J. E. Cushman* for the defendant.

A verdict should have been directed for the defendant on
its contention that coal is not "material" within the meaning
of the bond and contract. *Taylor* v. *Malone,* 63 Atl. 539; *Sica*
v. *Kimpland,* 93 Fed. 403; *Thomas Laughlin Company* v.
*Morgan,* 114 Fed. 627; *Am. Surety Co.* v. *Lawrenceville Cement
Co.,* 110 Fed. 717; *Standard Oil Company* v. *City Trust Safe
Deposit & Surety Co.,* 21 App. D. C. 369; *Marble Company* v.
*Burgdorf,* 13 App. D. C. 506; *Mochon* v. *Sullivan,* 1 Mon. 470;
*U. S.* v. *Surety Co.,* 23 D. C. App. 155; *U. S.* v. *Trust Co.,* 23
D. C. App. 153; *Basshor et al.* v. *B. & O. R. Co.,* 3 Atl. 285; *An-
tietam Paper Co.* v. *Chronicle Pub. Co.,* 20 S. E. 366; *Standard*

*Oil Co.* v. *Lane,* 44 N. W. 644, 75 Wis. 636, 7 L. R. A. 191; *Central Trust Co.* v. *Texas, etc. Co.,* 23 Fed. 703; *Gordon Hardware Co.* v. *S. F. & S. R. Co.,* 22 Pac. 407; *Moyer* v. *Penn. Slate Co.,* 71 Pa. 293; *Allen* v. *Elwert,* 29 Ore. 443; *Oppenheimer* v. *Morrell,* 12 Atl. 307; *Hinckley & Co.* v. *James,* 51 Vt. 240.

*Horace F. Chittenden* and *Max L. Powell* for the plaintiff.

The coal in question is clearly "material" within the meaning of the bond. *Philadelphia* v. *Malone,* 63 Am. Rep. 539; *Chapman* v. *City Trust, etc. Co.,* 23 D. C. App. 153; *Standard Oil Co.* v. *Trust Co.,* 21 D. C. App. 369; *Henningsen,* 82 Pac. Rep. 171; *Tidewater Steel Co.* v. *Perth Amboy Shipbuilding & Engineering Co.,* 137 Fed. 169; *U. S.* v. *Freeman,* 3 How. 556; *Durvasseau* v. *U. S.,* 6 Cranch 307; *Guarantee Co.* v. *Mechanics Savings, etc. Co.,* 183 U. S. 4002; *Bechtel* v. *U. S.,* 101 U. S. 597; *Lionberger* v. *Rouse,* 6 Wall. 468; *Smythe* v. *Fiske,* 23 Wall. 374; *U. S.* v. *Morgan,* 111 Fed. 474; *Zipp* v. *Fed. & Deposit Co.,* 73 N. Y. App. Div. 20.

A bond or contract of this kind is to be construed in view of the work to be performed and the circumstances surrounding its execution and by the same rules which govern the construction of any other agreement. *Ulster Co. Savings Inst.* v. *Young,* 161 N. Y. 23; *Gamble* v. *Cuneo,* 21 App. Div. 413; *Hazard Powder Co.* v. *Byrnes,* 12 Ab. Prac. 469; *Gallagher* v. *Karns,* 27 Hun. 375; *Wood* v. *Donaldson,* 17 Wend. 550; *McDermott* v. *Palmer,* 8 N. Y. 383.

The question of extension of the time limit is immaterial between the parties in this action. The surety in a bond incurs the precise liability named in the bond and the clause in the bond applicable to this case is "and shall promptly make full payments to all persons supplying labor or materials in the prosecution of the work provided for in said contract." *Seaver* v. *Young, et al.,* 16 Vt. 662; *Cram* v. *Watson,* 28 Vt. 22; *Foster* v. *Worthington,* 58 Vt. 68.

WATSON, J. Chapter 280 of the United States Statutes at Large provides: "That hereafter any person or persons entering into a formal contract with the United States for the construction of any public building, * * *, shall be required before commencing such work to execute the usual penal bond, with

good and sufficient sureties, with the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract," etc.

On March 16, 1903, E. H. Denniston Company entered into such a contract in writing with the government to "furnish all labor and materials necessary for the construction of the following buildings at Fort Ethan Allen," this State, namely:  One bachelor officers' quarters, two barracks, and two stables.  "All in accordance with the plan and specifications hereto attached and which are made a part of this agreement."  Pursuant to the requirements of the statute the bond, on which this action is based, was executed to the government by the contractor as principal and the defendant as surety.

The use plaintiff, Elias Lyman Coal Company, furnished coal to the contractor at the times, in the amounts, and at the prices charged in the plaintiff's specifications, it having been delivered to the contractor at Fort Ethan Allen while the company was constructing the buildings named in the contract. Subject to defendant's objection and exception on the ground that the coal thus furnished was not "material" within the meaning of the bond in suit and of the Federal Statutes, evidence was introduced tending to show that the coal mentioned was furnished to the contractor at the place, on the dates, and in the amounts specified, for the agreed price charged; that the coal was used in the heating plants and three of the buildings named in the contract then being constructed by the contractor; that at the time the coal was used, work of plastering, laying floors, putting on interior finish, painting and varnishing was being done in said buildings.  No evidence was introduced by the plaintiff tending to show that any other use was made of the coal, and no evidence was introduced by the defendant.  The same question in effect is raised by exception to the overruling of defendant's motion for a verdict at the close of the evidence. An exception on the same ground was also allowed the defendant to the court's ordering a verdict for the plaintiff.

As before seen, the terms of the contract are that the contractor shall furnish "materials for the construction of" the buildings named therein.  "All in accordance with the plans and specifications" attached to and made a part of the agree-

ment.   The condition of the bond, stating that part of the contract to be for furnishing ''materials necessary for the construction of,'' etc.—the same language used in the contract,—is for the performance ''all and singular the covenants, conditions, and agreements in and by said contract agreed and covenanted by said E. H. Denniston Co. to be observed and performed according to the true intent and meaning of said contract, * * *, and shall promptly make full payments to all persons supplying it labor or materials in the prosecution of the work provided for in said contract,'' etc.   Here are two distinct and separate covenants, the former for the purpose of securing to the government the performance of the contract for the construction of the buildings, and the latter solely for the protection of persons supplying labor and materials in the prosecution of the work. ''These covenants are to be read together, and the latter interpreted in the light of the former.''   *United States F. & G. Co.* v. *United States,* 191 U. S. 416, 48 L. ed. 242, 24 Sup. Ct. 142. The same Court later said that in construing the latter obligation we must not overlook the manifest purpose of the statute to require that labor and material actually contributed to the construction of public buildings shall be paid for, and to provide security to that end.   Also that the language used in that obligation, read in the light of the statute, looks to the protection of those who supply the labor or materials provided for in the contract.   *United States for Use of Hill* v. *American Security Co.,* 200 U. S. 197, 50 L. ed. 437, 26 Sup. Ct. 168.

Article 11, of the contract, is indicative of the intention of the parties thereto in this respect.   It reads: ''That all materials and workmanship shall be subject during the entire progress of the construction to the inspection and acceptance or rejection of the officer in charge or his agent, and any material or work not accepted shall be replaced by the said E. H. Denniston Co., at their own expense; the rejected materials to be immediately removed from the premises.''   Does not this article strongly show that the word ''materials'' as used in the contract has reference to such materials only as are within the purview of that instrument?   For what purpose would such a provision respecting other materials be there made?

In *City of Philadelphia* v. *Malone,* 214 Pa. St. 90, 63 Atl. 539, Malone & Co. entered into a contract with the plaintiff city to excavate and construct certain reservoirs.   The agreement

required the contractors to furnish all the materials and perform all the labor necessary in constructing the reservoirs in strict and exact accordance with the proposal and specifications attached to and made a part thereof. A bond was given by the contractors as required by a city ordinance. The use plaintiff furnished coal to a subcontractor, excavating one of the reservoirs, which coal was used for generating steam to run the steam shovel and the locomotive used in excavating and removing dirt in constructing the reservoir. The bond on which the suit was brought, taken for the protection of the city and for the security of parties from whom the contractor or his subcontractor might obtain labor and materials, was conditioned that the contractors "shall and will promptly pay * * * all sums of money which may be due for labor and materials furnished and supplied, or performed in and about said work." The question was whether coal was "material" within the meaning of the bond in suit and the ordinance. It was held that both the labor and materials which the contractors obligated themselves to furnish were specifically set out and named in the proposal and specifications attached to and made a part of their contract; that in determining the question the test was: the materials or labor must be such as the contract covers; and that an inspection of the proposal and specification disclosed nothing which could be construed to include coal furnished for running the steam shovel or locomotive. The judgment was for the defendants. In effect the same construction was given in *United States* v. *Kimpland,* 93 Fed. 403; *United States* v. *Morgan,* 111 Fed. 474; *Thomas Laughlin Co.* v. *Am. Surety Co. of New York,* 114 Fed. 627, 51 C. C. A. 247.

The case of *American Surety Co.* v. *Lawrenceville Cement Co.,* 110 Fed. 717, relied upon by the plaintiff as sustaining its contention here, seems to have given a similar bond a broader construction. There the governing distinction was made between labor and materials consumed in the work or in connection therewith, and labor and materials made use of in furnishing the so-called contractor's plant, and available not only for the work there done, but for other work also. The court, a single judge, seems to have construed the covenant in the bond, which was for the benefit of materialmen, without regard to what materials the contractor was under obligation with the government to furnish, and without taking into consideration the covenant se-

curing to the government the performance of the principal contract. The case of *Zipp* v. *Fidelity and Deposit Co.*, 73 App. Div. 20, 76 N. Y. Supp. 386, is much relied upon by the plaintiff. There the contractor entered into an agreement with the city of Buffalo wherein he agreed to construct a retaining wall across Evans slip in that city. The security bond was conditioned for the performance of the labor and the furnishing of "all the material necessary to fully complete the work or improvement" in the contract contemplated; and for the payment "for all material used and services rendered in the execution of such contract." During the progress of the work two boilers and engines were used in excavating the rocks, stones and earth, and for pumping the water from the slip. The plaintiff furnished to the contractor the coal used as fuel in the boilers to create power. It was contended that the claim for this coal was not within the strict terms of the contract. The court said the defendants' bond contemplated the performance of the contract by the contractor, and whatever fairly came within the compass of that work was also within the scope of the bond; that the generation of power was essential in the performance of the contract, and that "when the defendant became responsible for the payment of 'all material used and services rendered in the execution of such contract,' it might have expected that fuel was to be consumed in the undertaking;" that the materials used need not be a permanent constituent of the structure itself, but must be necessarily incident to the execution of the agreement, to come within the purview of the bond, and the coal consumed in carrying on the work was of that character.

In *United States for the Use of Standard Furniture Co.* v. *Henningsen*, 82 Pac. 171, the principal contract was for the construction, equipment and furnishing of a certain lighthouse and two keepers' residences. The specifications attached to the contract and made a part thereof expressly required the contractors to furnish certain furniture for the residences. The bond executed was conditioned that the contractors should fully perform the contract "and promptly make payments to all persons supplying them with labor and materials in the prosecution of the work therein provided for." The contractors in the performance of the contract, purchased of the use plaintiff certain furniture called for in the specifications, a part of the purchase price of which remained unpaid. It was contended that the

furniture so purchased was not "material" within the meaning of the statute. It was held that the law should be liberally construed and that all persons furnishing any materials in the prosecution of the work provided for were protected by the bond, even though the materials did not enter into or become a part of any permanent structure; and that a recovery could be had for the furniture sold to the contractors in pursuance of the terms and stipulations of the principal contract.

The statute under which the bond in question was given, was amended by an Act approved February 24, 1905. Though enacted subsequently to the execution of the bond in question the later Act sheds light on the proper construction of the earlier law; for in respect to the persons entitled to the benefit of such a bond the later Act effected no material change. *United States for Use of Hill* v. *American Surety Co.*, cited above. The amendatory Act describes the persons who shall have the right by intervention to the benefit of the bond as, "any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made." The great similarity of the language used in the provision of the contract obligating the contractors to furnish materials is noticeable: "shall furnish  *  *  *  materials necessary for the construction of the following buildings," etc. And in view of the fact that the same words are used in the statement of the contract in the condition of the bond, we apprehend that the language later used therein: "materials in the prosecution of the work provided for in said contract" can have no broader signification. In either expression the "materials" are to be ascertained from the contract including the specifications, construed like any other contract in view of the work to be performed and in the light of the circumstances surrounding the transaction. Whatever "materials" are fairly within the express or implied terms of the contract are within the scope of the bond and any one supplying them in the prosecution of the work provided for in the contract, and not receiving pay therefor, is entitled to the benefit of the bond. It cannot be said that any more liberal rule of construction was contemplated by the parties, and none should be given.

During the trial of the case at bar the plaintiff offered in evidence certified copies of the bond, of the contract, and of the specifications referred to in the contract. The court without

objection admitted the copies of the bond and of the contract, but excluded the copies of the specifications. It does not appear from the record that any exception was taken to this exclusion, yet the specifications were a part of the contract so material to the case that without them the record contains nothing whereby it can be determined whether the coal furnished by the use plaintiff and used as before stated was or was not "material" within the purview of the bond, and of the statute under which the bond was given. It follows that without showing more the evidence objected to was improperly admitted; that the defendant's motion for a verdict should have been granted; and that to direct a verdict for the plaintiff was error.

By the terms of the contract the work of the contractor was to be completed on or before the first day of December, 1903. The coal in question was largely furnished by the use plaintiff subsequent to that date, and from time to time up to and including January 28, 1904. No written extension of time in which the contractor might perform was shown, and the parol evidence bearing on the question of an extension other than in writing was conflicting. The court refused to submit that question to the jury, to which defendant excepted. This exception was well taken. The burden of showing that an extension of time was granted by the government was with the plaintiff, and the parol evidence being conflicting it was a question of fact for the jury.

*Judgment reversed and cause remanded.*