UNITED STATES OF AMERICA FOR THE USE OF ELIAS LYMAN COAL COMPANY *v.* UNITED STATES FIDELITY & GUARANTY COMPANY.

January Term, 1910.

Present:  ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 11, 1910.

*Attorney and Client—Admissions by Attorneys on Trial—Effect —Contractor's Bonds — Construction — "Material" — Discharge of Surety—Extension of Time for Performance.*

Admissions made by an attorney in the course of a trial for the purpose of dispensing with the formal proof of some fact are binding on his client and irrevocable, except that, when it is clearly shown that they were made improvidently and by mistake, the court, in its discretion, may relieve him from the consequence of his error.

Coal used by a building contractor to heat a building that he is constructing under a contract with specifications that require him to provide fuel for heating while the work is going on, is "material" within the implied terms of the contract, and hence within the scope of his bond given in conformity to the Act of Congress of August 13, 1894, for the protection of persons supplying material.

A surety on a government contractor's bond, which provides that it is security for the performance of the contract as well during any period of extension as during the original term, and for the prompt payment of all labor and materials, is bound by an extension of the time for performance, though granted without notice to the surety, and without its consent beyond the terms of the bond.

COVENANT on a contractor's bond given in conformity to the Act of Congress of August 13, 1894. Formal pleadings waived by each party, and all necessary pleadings treated as filed. Partial trial by jury at the March Term, 1909, Chittenden County, *Taylor,* J., presiding. At the close of all the evidence the defendant moved for a directed verdict on the grounds recited in the opinion. Motion overruled, to which the defendant excepted; and thereupon by agreement the issue was withdrawn

from the jury and submitted to the court.  Judgment, *pro forma,* for the plaintiff.  The defendant excepted.

*E. M. Horton* and *J. E. Cushman* for the defendant.

The coal used by the contractor was not "material" within the meaning of the bond.  *Philadelphia to the use of Taylor* v. *Malone,* 63 Atl. 539; *Sica* v. *Kimpland,* 93 Fed. 403; *Laughlin Co.* v. *Morgan,* 114 Fed. 627; *Am. Surety Co.* v. *Lawrenceville Cement Co.,* 110 Fed. 717; *Standard Oil Co.* v. *City Trust Safe Deposit & Surety Co.,* 21 App. D. C. 369; *Marble Co.* v. *Burgdorf,* 13 App. D. C. 506; *Mochon* v. *Sullivan,* 1 Mon. 470; *Phillips* v. *Wright,* 5 Sanford 361; *U. S.* v. *Trust Co.,* 23 Dist. of Col. App. 153; *U. S.* v. *Surety Co.,* 200 U. S. 197; *Basshor et al.* v. *B. & O. R. Co.,* 3 Atl. 285; *Antietam Paper Co.* v. *Chronicle Pub. Co.,* 20 S. E. 366; *Standard Oil Co.* v. *Lane,* 44 N. W. 644, 75 Wis. 636, 7 L. R. A. 191; *Central Trust Co.* v. *Texas & St. L. R. Co.,* 23 Fed. 703; *Gordon Hardware Co.* v. *S. F. & S. R. Co.,* 22 Pac. 407; *Morey* v. *Penn. Slate Co.,* 71 Pa. 293; *Allen* v. *Elwert,* 29 Ore. 443; *Oppenheimer* v. *Morrell,* 12 Atl. 307; *Hinckley & Co.* v. *James,* 51 Vt. 240.

Usage and regulations can be relied upon.  The surety had a right to expect and rely upon a "written extension" after January 1, 1904.  *Jones* v. *Moore,* 50 Vt. 53; *Rioux* v. *Ryegate etc.,* 72 Vt. 148; *Allen* v. *Thrall,* 36 Vt. 711; *Hutchinson* v. *Ford,* 62 Vt. 97.

*Powell & Powell* for the plaintiff.

WATSON, J.  At the close of the evidence the defendant moved for a verdict on the grounds, (1) that the coal which the evidence tends to show was furnished, is not "material" within the meaning of the United States statute, the bond, contract, or specification; and (2) that there is no competent evidence tending to show that any part or all of the coal was used for the purpose of heating any of the buildings named in the specifications attached to the principal contract.  To the overruling of the motion defendant excepted.  By agreement of counsel the issue was then withdrawn from the jury and submitted to the court by which there was a finding of facts.

When this case was here before (82 Vt. 94, 71 Atl. 1106), it was held that whatever "materials" are fairly within the express or implied terms of the contract are within the scope of the bond, and that the "materials" are to be ascertained from the contract, including the specifications which are made a part thereof, construed like any other contract in view of the work to be performed and in the light of the circumstances surrounding the transaction. The principal contract, in which plans and specifications of the buildings to be erected are referred to and made a part thereof, was admitted in evidence, as were also the specifications of the two barracks and of the bachelor officers' quarters. These specifications stipulate that the contractor shall provide stoves and fuel in cold or wet weather for heating the buildings while his work is going forward and until it is dry, and all material and work are to be properly protected from the weather. The specifications of the two stables to be erected were separate from the specifications of the other buildings, and were not introduced in evidence.

One question was, whether the coal furnished by · the use plaintiff was all used to heat the barracks and the bachelor officers' quarters. A witness called by the plaintiff testified that it was used "to heat the buildings." Whereupon counsel for defendant objected, stating that there seemed to be no necessity for any evidence outside of the contract and specifications. The court said the question of fact put in issue is, whether the coal in question was used for the purpose specified in the specifications, and if no question is made concerning it that will eliminate the evidence. In answer to this, counsel for defendant said: "We make no question but that the coal was used to heat the buildings covered by these specifications." The plaintiff afterwards being allowed to put in evidence on the same question, the defendant's counsel undertook to withdraw this concession, but made no claim that it was made improvidently, or by mistake. The record states that leave was not granted by the court to withdraw the concession, and we are controlled by the record in this respect. Later without objection that it contradicted the concession, the defendant introduced evidence tending to show that some of the coal was used in the stables. If in the circumstances the defendant was bound by the concession, the court found that all the coal was used to heat the two barracks

and the bachelor officers' quarters; but if the concession should be disregarded such fact was not found.   Thus the force of a judicial or solemn admission, distinct and formal, by an attorney in the trial of a cause for the express purpose of dispensing with the formal proof of some fact at the trial, and his right to withdraw the same, are fairly presented.

There can be no doubt that such admissions by attorneys, so made for that purpose, are binding upon their clients, and on motives of policy and justice are in general conclusive.  *Young* v. *Wright,* 1 Campb. 139, 141; 1 Greenl. Ev. §186; 1 Taylor Ev. §§772, 783, 820.   And the party will be held to the admission, except that when it is clearly shown that the same was made improvidently, and by mistake, the court in its discretion may relieve him of the consequences of his error.   1 Greenl. Ev. §206; 1 Taylor Ev. (10th ed.) §838.

This holding results in substantiating the finding that all the coal in question was used to heat the two barracks and the bachelor officers' quarters; which finding, taken with the further findings that at the time the coal was so used—between the 25th day of November and the last days of January following—these buildings were nearing completion, the work of plastering, putting on finish, painting, and the like, under the contract, being done thereon, and that the coal was reasonably necessary for the purpose for which it was used, fairly makes the coal ''material'' within the implied terms of the principal contract, which the contractor thereby obligated itself to furnish, and which was used in the prosecution of the work provided for in the contract; and consequently, under our holdings in this case when previously before us, it is within the scope of the bond.   It follows that the defendant's motion for a verdict was properly overruled.

The principal contract by its terms was to be completed on or before the first day of December, 1903.   The time was extended by the government to January 1, 1904, with the consent of the defendant; and later it was further extended by the government.   It is said, however, that the second extension was without notice to, or consent by, the defendant, and therefore it is not bound thereby.   By express provision, the bond is security to the government for the performance of the principal contract according to the true intent and meaning thereof, as

well during any period of extension that may be granted on the part of the United States as during the original term, and for prompt and full payments to all persons supplying the contractor labor or materials in the prosecution of the work provided for in said contract. Necessary labor and materials furnished the contractor for the construction of the buildings in accordance with the plans and specifications during any extension of time granted by the government was as much supplying it labor and materials in the prosecution of the work provided for in the contract as it would have been had the time originally been as extended.

Under the provisions of the bond it was within the power of the government, without notice to the surety and without its consent beyond that contained in the bond, to grant such extension of time for the performance of the principal contract as it saw fit; and the covenant for the protection of persons supplying labor and materials manifestly was intended to cover the full term allowed for such performance, whether it includes an extension of the original time specified or otherwise.

*Judgment affirmed.*