# H. H. Robertson Co. *v.* Globe Indemnity Co.

*Principal and surety—Bonds—Surety companies—County roads —Materialmen—Parties.*

Where the obligee on a bond, given by a contractor in the construction of a county road is the Commonwealth of Pennsylvania, for the use of the county and any other corporation or person interested, the bond is not for the sole protection of the county, but also inures to the benefit of the corporation or person furnishing labor or materials in and about the construction of the roadway. The county may protect the corporations and persons furnishing labor and material to its work, either by requiring a separate bond, or by making them use parties to its own bond and sharing with them its protection and benefit.

A bond, conditioned for the payment of material furnished in and about the construction of public work, covers only such materials as "enter into or become a part of the visible work which was contracted to be done."

The primary purpose of including in the contractor's bond a clause protecting laborers and materialmen is to secure for the construction competent labor and satisfactory material. It is to the interest of the public authorities to include such a provision, but this does not relieve the subcontractors or materialmen from all care in relation to the matter. If they are to be protected by the provisions of the bond, it is incumbent on them to see that the materials furnished by them are used in and about the construction of the work and not diverted elsewhere, or by negligence of the contractor suffered to deteriorate and be condemned.

Argued April 27, 1921. Appeals, Nos. 157 and 158, April T., 1921, by both parties, from judgment of C. P. Allegheny County, April T., 1921, No. 1257, in the case of H. H. Robertson Company v. Globe Indemnity Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Case stated to determine liability on bond given in connection with the construction of a county road. Before McFARLANE, J.

The facts are stated in the opinion of the Superior Court.

The court made the following order:

March 23, 1921: The court is of the opinion that an action of assumpsit may be maintained by the Commonwealth of Pennsylvania for the use of the plaintiff against the defendant, under the facts agreed upon in the case stated, and that the defendant is liable only for the materials actually used in the construction of the road and is not liable for the materials not actually so used and judgment is therefore entered for the plaintiff and against the defendant in the sum of $500, with interest from January 1, 1921, viz, $506.74.

Both parties appealed.

*Error assigned,* among others, was the order of the court.

*Gifford K. Wright,* of *Alter, Wright & Barron,* for Globe Indemnity Company, appellant.—Where the contract is for the benefit of the contracting party, and the third person is a stranger to the contract and consideration, the action must be by the obligee: Morrison v. Beckey, 6 Watts 349; Campbell v. Leacock, 40 Pa. 448; Torrens et al. v. Campbell, 74 Pa. 470; Kountz v. Holthouse, 85 Pa. 235; Guthrie v. Kerr, 85 Pa. 235; Guthrie v. Kerr, 85 Pa. 303; Adams v. Kuehn, 119 Pa. 76; Knap v. Duncan, 8 W. N. C. 514; Mallalieu's Est., 42 Pa. Superior Ct. 101; Freeman v. Railroad Co., 173 Pa. 274; Sweeney v. Houston, 243 Pa. 542; Com. v. Empire State Surety Co., 50 Pa. Superior Ct. 405.

The surety was liable only for the materials actually used in the contract: Com., for use, v. Empire State Surety Co., 50 Pa. Superior Ct. 404; Phila. v. Malone, 214 Pa. 90; United States v. United States Fidelity & Guaranty Co., 82 Vt. 103; 71 Atl. 1109.

*Donald Thompson,* of *Calvert, Thompson & Wilson,* for H. H. Robertson Co., appellant.

OPINION BY KELLER, J., October 17, 1921:

By the terms of the case stated it appears that Federal Construction Company secured a contract from the commissioners of Washington County for the improvement of a county road to be constructed under the provisions of the Act of May 11, 1911, P. L. 244, and gave bond with Globe Indemnity Company, as surety, in the sum of $28,067.50, for the faithful performance thereof, as provided by section 12 of that act. The bond was drawn in favor of the "Commonwealth of Pennsylvania, for the use of the County of Washington and any other corporation or person interested"; it was conditioned not only for the faithful performance of the said contract by the contractor and that it save harmless the County of Washington from any liability for payment of wages due or material furnished said contractor, but also that the said contractor "shall well and truly pay all and every person furnishing material or performing labor in and about the construction of said roadway, all and every sum or sums of money due him, them or any of them, for such labor and materials for which the contractor is liable." The plaintiff, H. H. Robertson Company, furnished the contractor material of the value of $1,000, of which $500 worth was used in and about the construction of said road, and the remainder was not so used because by the negligence of the contractor it had become unfit for use and was condemned. In accordance with the terms of the case stated, the court below entered judgment in favor of the plaintiff, H. H. Robertson Company, and against the surety on the bond, Globe Indemnity Company, for $500 and interest, covering the amount of material furnished and actually used in and about the construction of the road, and refused to enter judgment for the rest of the material furnished but not so used. Both parties have appealed.

### I. APPEAL OF GLOBE INDEMNITY COMPANY.

Taking up the appeal of the surety company first, we are all of the opinion that it is without merit.

The surety company invokes the principle laid down in Blymire v. Boistle, 6 Watts 182, and Adams v. Kuehn, 119 Pa. 76, and denies liability to the plaintiff under the bond, because, as is alleged, it is a stranger to the contract; and in support of its position it cites the very recent cases of First Methodist Episcopal Church v. Isenberg, 246 Pa. 221, and Board of Education v. Massachusetts Bonding and Insurance Company, 252 Pa. 505, which were decided in conformity with that well established principle. But it apparently overlooks that in both these cases the obligee in the bond was the owner for whom the building was being erected by the obligor contractor, and while the bond was conditioned inter alia for the payment of the labor and materials used in and about said building, nevertheless the owner was by the very terms of the bond the only party interested, and it was on his account alone that the clause relating to the payment of labor and materials was inserted and he could waive it if he saw fit; in any event, the subcontractors were strangers to the contract and could not enforce the provisions of the bond. But here, by its very terms, those furnishing labor and materials used in the work are made parties to the bond; for the obligee in the bond is the Commonwealth of Pennsylvania, for the use of the County of Washington and any other corporation or person interested, and therefore the bond is not for the sole protection of the County of Washington, but also inures to the benefit of any corporation or person furnishing labor or materials in and about the construction of the roadway, which he may do relying on the condition of the bond providing for their payment.

This case may likewise be distinguished from the Frescoln cases (192 Pa. 452, and 203 Pa. 640), in that the sole obligee in that bond was the City of Lancaster,— the contractor not having complied with the provisions of the ordinance requiring a separate bond for the protection of laborers and materialmen—and the contractor's liability on said bond had been finally adjudi-

cated and determined prior to the suit by the material-men, in an action between the city, the sole obligee in the bond, and the contractor; and from the case of Commonwealth to use v. Empire State Surety Company, 50 Pa. Superior Ct. 404, in that the bond sued on in that case was contrary to the form specifically directed by statute, whereas here no statutory form was prescribed.

It has been held in a number of cases, such as Philadelphia to use v. Stewart, 195 Pa. 309; Philadelphia to use v. Neill, 211 Pa. 353; Philadelphia to use v. Nichols, 214 Pa. 265, that "a city has a right to require a municipal contractor to file a bond conditioned to secure the payment of all money which may become due for labor and materials furnished and supplied or performed in or about the work for which the contract was made; there is nothing ultra vires or contrary to public policy in such a condition; and suit may be brought on the bond to the use of the persons for whose security it was given, although nothing may be actually due to the city." The same reasons which authorize such action by a city are sufficient to justify a similar course by a county, where the legislature has not prescribed otherwise; and the county may protect the corporations and persons furnishing labor and material to its work either by requiring a separate bond, as was done in the Philadelphia cases cited, or by making them use parties to its own bond and sharing with them its protection and benefit, as was done here.

The facts warranting suit and recovery by the material-men under this bond are stronger than those in Commonwealth to use v. National Surety Company, 253 Pa. 5, and H. H. Robertson Company v. Globe Indemnity Company, 268 Pa. 309, where recovery was permitted on similarly conditioned bonds, although the obligation was not drawn specifically for the use of "any other corporation or person interested," because the clear legislative purpose as expressed in the act requiring the bond was the protection of persons furnishing material or per-

forming labor in and about the construction of the highway, no less than the completion of the improvement according to specifications.

## II. APPEAL OF H. H. ROBERTSON COMPANY.

Coming then to the appeal of the plaintiff, we are of opinion that the court below was right in refusing to enter judgment against the surety for the value of materials which were condemned and did not enter into the construction of the road, even though such condemnation was due to the negligence of the contractor.

It has been ruled in a number of decisions in this state that a bond conditioned for the payment of materials furnished in and about the construction of public work of this character covers only such materials as "enter into or become a part of the visible work which was directed to be done": Phila. to use v. Malone, 214 Pa. 90, p. 97; or as stated in United States to use v. American Surety Company (No. 2), 21 Pa. Superior Ct. 159, p. 160: "The right of the private individual to recover against the surety is confined to claims for labor and materials which go into the public work." Hence there could be no recovery under such a bond for grain and feed furnished for the contractor's stock: Lancaster v. Frescoln, 203 Pa. 640, p. 642; nor for coal furnished to run a steam shovel: Phila. to use v. Malone, supra; nor for machinery, tools, appliances or fuel used in the work: Com. to use v. Empire State Surety Company, 50 Pa. Superior Ct. 404; nor for dynamite, fuse, caps, etc.: Com. to use v. National Surety Company, 253 Pa. 5, p. 14.

The bond required to be given in contracts with the United States for public work by the Act of Congress of August 13, 1894, 28 Stat. 278, and its amendment of February 24, 1905, 33 Stat. 811, Barnes Federal Code, section 6285, is in somewhat different and slightly broader form, in that it covers materials supplied the contractor

in the prosecution of the work. This was held broad enough to cover the cost of equipment used in the prosecution of the work though not forming a component part of the completed improvement: Illinois Surety Company v. The John Davis Company et al., 244 U. S. 376; but the Supreme Court said in the opinion in that case: "In every case which has come before this court, where labor and materials were actually furnished for and used in part performance of the work contemplated in the bond, recovery was allowed, if the suit was brought within the period prescribed by the act." p. 380.

Under such bond recovery was not permitted for board and lodging provided contractor's laborers, though forming a part of their compensation: United States to use v. Kimpland, 93 Fed. 403; for feed furnished for contractor's mules: United States v. Lowrance, 236 Fed. 1006; for freight on materials used: United States to use of Ry. Co. v. Hyatt, 92 Fed. 442; for repairs and equipment for a steam launch used by contractor to transport supplies, nor for materials used for construction of dump cars: United States to use v. Morgan, 111 Fed. 474; for coal used to heat building while plastering was being done: United States to use v. United States Fidelity & Guaranty Company, 82 Vt. 94, 71 Atl. 1106; for lumber rejected and not used in the work: United States v. United States Fidelity & Guaranty Company, 82 Vt. 103, 71 Atl. 1109.

In the case of United States to use of Laughlin v. Morgan, supra, it was said that the bond would cover materials furnished "which actually entered into the work," together with the expense of transporting the same to the place where the work was being done, and also materials actually used in the construction of false works necessary in the performance of the contract.

In United States v. Lowrance, supra, there is an elaborate review of the prior authorities, including the case of Illinois Surety Company v. The John Davis Company et al., and the conclusion is reached that under such a

bond there can be no claim against the surety for articles not going into the construction and becoming permanent part thereof, nor consumed in the performance of the work.

It must be borne in mind that the primary purpose of including in the contractor's bond such a clause protecting laborers and materialmen is to secure for the construction competent labor and satisfactory material. It is to the interest of the public authorities that this be done, and hence it is not ultra vires—in the absence of specific legislation to the contrary—to include such a provision in the bond; but this does not relieve subcontractors and materialmen from all care in relation to the matter. If they are to be protected by the provisions of the bond, it is incumbent on them to see that the materials furnished by them are used in and about the construction of the work and not diverted elsewhere, or by the negligence of the contractor suffered to deteriorate and be condemned. To hold otherwise would open the door to covin and fraud to such an extent that it would be difficult to secure such bonds from responsible surety companies, and the language of the bond does not require such a construction.

We are of opinion the action of the court below was correct, and the assignments of error in both appeals are accordingly overruled and the judgment is affirmed.