## Com., to use of Patton Clay Manuf. Co., v. Globe Indemnity Co.

*Bonds—Surety bonds—State highway—Materials furnished but not used—Act of May 31, 1911.*

1. The bond required to be given in accordance with the provisions of the Act of May 31, 1911, P. L. 468, to secure payment of accounts for materials furnished and used in and about the construction of State highways, does not cover materials furnished which were not used in and about the structure, work or improvements contemplated in the bond but diverted elsewhere.

2. In an action upon the surety bond given by a contractor for the improvement of a section of the State highway to recover for materials furnished to the contractor, an affidavit of defence setting forth that the materials were seized by the sheriff under execution and never entered into or became a part of the improvements contemplated by the bond, is sufficient to prevent judgment.

Motion for judgment for want of a sufficient affidavit of defence. C. P. Dauphin Co., June T., 1920, No. 25.

*H. L. Lark* and *Hargest & Hargest,* for plaintiff.

*Spencer Gilbert Nauman, J. E. B. Cunningham* and *Alter, Wright & Barron,* for defendant.

Fox, J., Dec. 27, 1921.—The action is on a bond given by the Globe Indemnity Company to the Commonwealth of Pennsylvania to secure a contract made between the Commonwealth of Pennsylvania and one Vincenzo Di Giorno (contractor) for the improvement of certain sections of highway in Lycoming County, Pennsylvania, to be constructed under the provisions of the Act of May 31, 1911, P. L. 468, on Route No. 18, section 1. The claim as shown by the plaintiff's statement is for materials (iron pipe) furnished to the said contractor, and the amount claimed is $1001.59, with interest from Oct. 16, 1919.

By the supplemental affidavit of defence the defendant admits that on Aug. 23, 1919, material, consisting of iron pipe to the value of $250, was sold and delivered to the contractor, and that this material entered into and became a component part of the highway contemplated in the bond given by the defendant. It also admits that on Sept. 18, 1919, material, consisting of iron pipe to the value of $249.50, was sold to the said contractor, but of this consignment only one-half actually entered into and became a component part of the structure, work and improvements contemplated in the bond given by the defendant, making a total indebtedness admitted of $374.95.

The defendant denies that the balance of the said material over and above the amount heretofore mentioned was supplied and delivered to the said contractor, and did enter into and become a component part of the structure, work or improvements contemplated in the bond, but alleges that it was seized by the Sheriff of Lycoming County under execution duly issued in the courts of said county, and was sold as the property of the said Vincenzo Di Giorno (the contractor) at sheriff's sale on or about Nov. 22, 1919, and never entered into and became a component part of the structure, work or improvements contemplated in the bond given by the defendant.

In the case of H. H. Robertson Co. *v.* Globe Indemnity Co., 77 Pa. Superior Ct. 422, it was held, *inter alia:* "That the court below was right in refusing to enter judgment against the surety for the value of materials which were condemned and did not enter into the construction of the road, even though such condemnation was due to the negligence of the contractor." And it further held that sub-contractors and materialmen are bound "to see that the materials furnished by them are used in and about the construction of the

Com., to use of Patton Clay Manuf. Co., v. Globe Indemnity Co.

work and not diverted elsewhere," etc. If they are diverted, there can be no recovery on such a bond as given in this case.

The case cited was on the construction of the condition of a bond given under the Act of May 11, 1911, P. L. 244. The bond in the case under consideration was given under the Act of May 31, 1911, P. L. 468. The conditions in the bond in the case cited were the same as those prescribed by the latter act. The former act does not prescribe any particular form of bond; the latter does.

The case cited is applicable to this case, and, under the authority of the same, we are of the opinion that the bond covers materials furnished and which were actually used in and about the construction of the highway, but does not cover those which, although furnished, were not used in and about the structure, work or improvements contemplated in the bond, but diverted elsewhere.

The defendant admits the receipt and use of materials in the construction of the highway to the value of $250, Aug. 23, 1919, and $124.95, Sept. 18, 1919, making a total of $374.95, and the plaintiff having claimed interest on the whole amount from Oct. 16, 1919, and this date not being disputed, the plaintiff is entitled to judgment for this amount, $374.95, with interest from Oct. 16, 1919. As to the balance of the claim, we are of the opinion that the affidavit of defence is sufficient.

And now, Dec. 23, 1921, judgment is directed to be entered in favor of the plaintiff and against the defendant in the sum of $374.95, with interest from Oct. 16, 1919, and as to the balance of the sum claimed by the plaintiff, the motion for judgment is overruled and discharged.

From William Jenkins Wilcox, Harrisburg, Pa.