## Philadelphia School District, to use, v. Metropolitan Casualty Insurance Company of New York.

C. P. Harvey, for plaintiff; L. M. Stevens, for defendant.

MARTIN, P. J., June 27, 1928.—A statement of claim was filed averring that plaintiffs entered into an agreement in writing with T. H. Livezey & Company, agreeing to sell and deliver to said T. H. Livezey & Company window-cleaning belts and bolts for the school building in course of construction at 16th and Wharton Streets, in the City of Philadelphia; that they delivered the belts to T. H. Livezey & Company at the school building, that the articles were accepted by T. H. Livezey & Company and the School District of Philadelphia; and thereupon T. H. Livezey & Company became liable for the payment to plaintiff of $295.50; and although payment has been demanded, no part of the claim has been paid.

It is further averred in the statement of claim that The Metropolitan Casualty Insurance Company of New York became surety for the prompt payment of all persons and all sums of money due for labor or materials supplied in and about the school building. A copy of the bond of indemnity is attached to the statement of claim.

It is averred that plaintiffs complied with all the provisions and rules of the Board of Education and the School Code, and that they were authorized by the school district to institute this suit; and in accordance with the contract of suretyship, the Metropolitan Casualty Insurance Company of New York became liable to them for the payment of $295.50, which was refused

by T. H. Livezey & Company and the Nelson-Pedley Construction Company, Inc., the principal contractor.

The bond of indemnity recites that Nelson-Pedley Construction Company entered into an agreement with the School District of Philadelphia to furnish all tools, workmen and material to do and perform all the labor required in erecting, complete and ready for use in the best and most workmanlike manner, a school edifice, according to the drawings and specifications thereof, to be located on the east side of 16th Street, between Wharton and Latona Streets. The condition of the bond is that if the said Nelson-Pedley Construction Company shall and will promptly pay or cause to be paid any and all persons and any and all sums of money which may be due for labor or materials, or both, furnished, done, performed or supplied upon, in or about the said buildings or work, provided that proof satisfactory to the secretary and business manager of the Board of Public Education shall be furnished that written notice of delivery of the material or the labor performed shall have been given to the principal or surety within ninety days thereof, and will and shall comply with all provisions of Rule III of the Board of Public Education and the provisions of the School Code approved May 18, 1911, P. L. 309, the obligation to be null and void; otherwise to be and remain in full force and virtue.

An affidavit of defense raising questions of law was filed on behalf of the defendant. It averred that plaintiffs have no cause of action for the reasons that:

1. The statement of claim avers a contract between plaintiffs and T. H. Livezey & Company to purchase material, and avers that delivery was made to the said T. H. Livezey & Company of such material, but does not aver that Nelson-Pedley Construction Company, Inc., failed to perform its contract with T. H. Livezey & Company, the sub-contractor.

2. Unless it is averred that Nelson-Pedley Construction Company has failed to perform its contract with T. H. Livezey & Company, or other sub-contractor with which it contracted, no cause of action exists on the part of the plaintiffs on the bond on which suit is brought, inasmuch as by the averments of the statement of claim the plaintiff conveyed title to T. H. Livezey & Company and not to Nelson-Pedley Construction Company.

3. The statement of claim is insufficient because it does not aver a breach of contract by Nelson-Pedley Construction Company or a failure by Nelson-Pedley Construction Company to pay all persons with which it contracted for work performed or materials furnished on the building construction in question.

By the Act of May 6, 1925, P. L. 547, it is made the duty of the school district to require of the contractor employed in or about improvements a bond with sufficient surety providing for the payment of all labor and material entering into the improvement.

The condition of the bond required that Nelson-Pedley Construction Company should pay to all persons any money due for material furnished in or about the building. The statement of claim avers that the merchandise for which the claim is made was furnished, supplied and delivered upon the building, and a copy of the receipt for it is attached as an exhibit to the statement of claim; it is averred that plaintiffs have complied with the provisions of the rule of the Board of Education and the School Code; and that they were authorized by the School District of Philadelphia to institute this suit. Whether or not Nelson-Pedley Construction Company, Inc., failed to perform its contract with T. H. Livezey & Company is immaterial. It is averred in

the statement of claim that the amount in suit has not been paid to plaintiffs, by whom the merchandise was furnished and supplied in and about the building. To entitle plaintiffs to recover for the merchandise furnished by them, there is no necessity for extending the bond beyond the words used which include them as parties under its terms, providing that those furnishing labor and material used in the building are made parties to the bond. The bond is not for the sole protection of the School District of Philadelphia, but enures to the benefit of persons who furnish material in and about the construction of the school, and they are entitled to rely upon the condition of the bond providing for their payment: H. H. Robertson Co. v. Globe Indemnity Co., 77 Pa. Superior Ct. 422, 425. Plaintiffs had a right to institute this suit, although the amount of the claim may have been paid to T. H. Livezey & Company, who ordered the merchandise: Philadelphia v. Stewart, 195 Pa. 309.

And now, to wit, June 27, 1928, the affidavit of defense raising questions of law is not sustained. The defendant is given fifteen days to file a defense to the averments of fact in the statement of claim.