Commonwealth of Pennsylvania to Use of Schooley,
Appellant, v. Aetna Casualty and Surety
Company.

Argued March 11, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Frank L. Pinola,* and with him *Charles J. Bufalino,* for appellant.

*James P. Harris,* for appellee.

Opinion by Gawthrop, J., April 15, 1931:

This is an appeal by the use plaintiff from a judgment for the defendant on a question of law raised by its affidavit of defense.

William M. Moser had a contract with the Commonwealth of Pennsylvania to furnish and deliver all materials and to perform all work and labor in the

improvement of a certain section of state highway by the construction of a concrete road, including two bridges, which were also to be built of concrete. The contractor gave to the Commonwealth a bond, on which the Aetna Casualty and Surety Company, defendant, was surety, conditioned for the performance of the contract and for saving harmless the Commonwealth from any expense incurred through failure of said contractor to complete the work and paying "for all material furnished and labor performed in and about the construction of said highway." The condition of the bond was in the wording of the statute under which it was given and accepted. See Act of May 31, 1911, P. L. 468, Section 13, as amended by the Act of May 16, 1921, P. L. 650. The use plaintiff furnished lumber, nails and roofing paper to one of Moser's sub-contractors who, according to the averments of the plaintiff's statement, used the materials for the erection and construction of "forms into which the cement and concrete was poured, resulting in the formation and erection of the two bridges on said highway...... When completed, the forms were moved and the lumber, etc., did not remain as a component part of the highway."

The court below held that inasmuch as the materials furnished by the use plaintiff did not remain upon the completion of the contract a component part of the completed road, the plaintiff could not recover under the bond. This conclusion is so well supported by the decisions of the Supreme Court and this court that discussion seems unnecessary. See Philadelphia v. Jackson & Co., 280 Pa. 319; H. H. Robertson Co. v. Globe Indemnity Co., 77 Pa. Superior Ct. 422; Com. v. Empire State Surety Co., 50 Pa. Superior Ct. 404, and cases therein cited. As pointed out by the former Chief Justice MOSCHZISKER in Philadelphia v. Jackson & Co., supra, "the test (is) whether the materials in controversy were designed to become a com-

ponent part of the finished work, or were merely intended as aids or appliances which the contractor would naturally be expected to furnish and which, if they remained upon the completion of his task, he would be expected to take away with him. In other words, the point of the decisions in question is...... to be found......in the character of the materials and the purpose for which they were furnished." The materials which are the subject of the present suit were used to construct appliances for the purpose of facilitating the work and were to be taken away upon its completion. The forceful argument of the able counsel for appellant has failed to convince us that the conclusion of the court below was erroneous. As already stated the bond was in the form prescribed by the Act of May 16, 1921, P. L. 650, which was in effect when the bond was given and the materials were furnished. The Act of 1929, P. L. 1590, which amended the acts above mentioned, provides that the bond furnished by a person receiving a contract for the construction or improvement of a state highway shall be conditioned for the payment for all material furnished and labor performed in the prosecution of the work contracted for, "whether or not the said labor or materials enter into and become component parts of the structure, work or improvement contemplated." Plaintiff is not helped by this act because the bond on which he sued was given under the prior statutes, and the materials involved in this suit were furnished before the passage of the Act of 1929. The case was correctly decided below.

The judgment is affirmed.