Commonwealth (to use, Appellant) *v.* Ætna Casualty & Surety Co.

264

Argued October 3, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*P. K. Motheral,* with him *Reed, Smith, Shaw & McClay,* for appellant.

*John M. Reed,* for appellee, was not heard.

Per Curiam, November 28, 1932:

Appellant, plaintiff in the court below, seeks to recover for the cost of materials furnished for the construction of part of Route 545, Pennsylvania State Highway, and actually incorporated in the highway. Appellee is surety on the bond given by the general contractor to the Commonwealth of Pennsylvania, to secure construction of the road in question. The proceeding comes before us in the form of a case-stated by which it appears the use-plaintiff, the American Steel & Wire Company, sold and delivered to the firm of Coss & Otto, general contractor and principal on the bond, 41,831 square

yards of wire-mesh reinforcing material at an agreed price of $8,499.19. Before completion of the contract, Coss & Otto defaulted in performance. An execution creditor of the general contractor, having levied upon the unused material delivered on the improvement, bought it in at sheriff's sale. Thereafter the purchaser resold part of the material to an engineering firm which completed the highway. Defendant admits liability for the contract price of the material actually incorporated in the highway by the principal on the bond, but denies liability for the value of the materials sold at sheriff's sale to the execution creditor and subsequently resold by the latter to another contractor, even though eventually used in the construction of the highway. No claim is made for the value of the materials not actually incorporated in the highway.

The condition of the bond is drawn pursuant to the provisions of the State Highway Act of May 31, 1911, P. L. 468, as amended by the Act of May 16, 1921, P. L. 650. This condition requires that the contractor "shall well and truly pay for all materials furnished and labor performed in and about the construction of said highway." By the terms of section 13 of the statute, the authority to bring suit in the name of the Commonwealth is limited to "the person or persons supplying the contractor with labor and materials." The court below correctly held these provisions give a right of action only to those who furnished to the principal on the bond material actually incorporated in the highway, citing Robertson v. Globe Indemnity Co., 77 Pa. Superior Ct. 422; Com. v. Ætna Casualty Ins. Co., 101 Pa. Superior Ct. 314. If there is any obligation on the part of the surety by reason of the incorporation in the highway of the materials sold at sheriff's sale, that obligation is to the person who resold the materials to the Tri-State Engineering Co., the contractor who finished the highway. All rights of plaintiff to a claim under the bond termi-

266

nated at the time it permitted the materials to be sold at public sale to a third party unconnected with the contract.

Judgment affirmed.