## Philadelphia to use *v.* Neill, Appellant.

206     333
e214    1 92

*Municipalities—Subcontractors' bonds—Waiver—Evidence.*

A corporation plaintiff will not be deemed to have waived the benefit of ordinance of the city of Philadelphia of March 30, 1896, providing for bonds by contractors for the protection of subcontractors, by evidence which at the most amounts only to the expression of an opinion by an officer of the company that they did not think themselves within the bond as they had sold the material on the credit of the contractor.

Not decided whether the protection of the bond may be waived without the city's consent.

In an action by a material man on a bond given under the ordinance of March 30, 1896, the claim of the plaintiff is brought within the terms of the bond by proof of the sale and delivery of bricks to the contractor, and the latter's use of them in paving under his contract with the city. The fact that the contractor, desiring to make his bid to the city for the work intelligently, agreed with the plaintiff on the price of the bricks some time before his contract with the city was actually made, does not vary the case, if the sale itself is not made until after the contract.

Argued March 25, 1903. Appeal, No. 348, Jan. T., 1902, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1900, No. 293, on verdict for plaintiff, in case of Philadelphia to use of McAvoy Vitrified Brick Company v. Aaron M. Neill and Lincoln Savings & Trust Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a bond given under ordinance of the city of Philadelphia of March 30, 1896. Before FINLETTER, P. J.

At the trial it appeared that McAvoy Vitrified Brick Company furnished to Aaron M. Neill bricks which the latter used in paving Wakeling street, under a contract which he had with the city. The surety defended on the ground that the use plaintiff had waived the benefit of the ordinance, and had furnished the bricks on the individual credit of Neill. The testimony as to the alleged waiver is stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,814.35. Defendant appealed.

*Errors assigned* were various rulings on evidence, and the charge.

*M. J. O'Callaghan*, for appellants.

*Edward A. Anderson*, for appellees.

—

PER CURIAM, May 25, 1903:

This action is upon a bond given by the defendants to the city of Philadelphia, under the ordinance of March 30, 1896, for the protection of subcontractors and persons furnishing materials to contractors for city work. The question involved is not as appellant states it, whether the use plaintiffs as material men could waive the benefit of the ordinance and sell on the sole personal credit of the contractor, but whether they did so in this case. Whether they could do so may be open to question, as the bond is exacted by the city as one of the terms of the contract, for the protection of the city's own interests (Phila. v. Stewart, 195 Pa. 309), and the right of any other party to waive this protection without the city's consent is far from clear. But it will be time enough to determine that question when it arises. In the present case the proof of such waiver wholly failed. The evidence at most amounted only to the expression of an opinion by an officer of the use plaintiff that they did not think themselves within the bond as they had sold the bricks on the credit of the contractor.

The case was tried by the defendant and has been argued here as if it was a claim under the mechanic's lien law, and his points for charge being framed on the same view the learned judge committed no error in disregarding them. The use plaintiff proved the sale and furnishing of the bricks to the contractor, and the latter's use of them in paving under his contract with the city. This brought the claim within the terms of the bond. The fact that the contractor, desiring to make his bid to the city for the work intelligently, agreed with the plaintiff on the price of the bricks some time before his contract with the city was actually made, did not vary the case at all. Though the price was agreed upon in advance, the sale was not made until after the contract.

Judgment affirmed.