# Board of Education, Appellant, *v.* Massachusetts Bonding and Insurance Company.

*Contracts—Bonds—Parties—Action on bond by person not a party—Practice, C. P.—Demurrer.*

A contractor gave a bond to a board of education with the defendant as surety for the faithful performance of a building contract conditioned, inter alia, for the payment of all debts incurred for labor and materials by the contractor in the performance of the work contemplated by the contract. In a suit by the obligee to the use of a third party for material supplied by such third party to the contractor, it was held that a demurrer to the statement was properly sustained where it did not appear that the bond was given for the benefit of any other person than the board and it was not averred that the board had assigned to the use-plaintiff its right of action on the bond or even that the board had been injured by the breach.

Argued January 13, 1916.    Appeal, No. 236, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., June T., 1914, No. 3714, sustaining demurrer to plaintiff's statement of claim in case of Board of Education of the City of Bayonne to the use of Winfield S. Barnes, trading as Winfield S. Barnes and Company v. Massachusetts Bonding and Insurance Company, a corporation of the State of Massachusetts.    Be-

fore Brown, C. J., Mestrezat, Stewart, Frazer and Walling, JJ.   Affirmed.

Assumpsit on a bond.

The facts appear in the following opinion of Auden-ried, J.:

The bond in suit was given by the defendant to the Board of Education of the City of Bayonne. It is conditioned that the Ross-Bush Company, which had contracted to build a schoolhouse for the obligee was, inter alia, to pay all debts incurred for labor and materials used or to be used in and about that work. The statement avers that this condition has been broken, and that by reason thereof the sum of $2,575 has become due and payable by the obligor to Winfield S. Barnes, trading as Winfield S. Barnes & Co., for labor and materials supplied by him to the Ross-Bush Company, in the course of the erection of the schoolhouse, but not paid for by the latter.

Mr. Barnes is a stranger to the bond, and, therefore, has no right of action upon it. This action is brought in the name of the obligee to his use. It cannot be maintained unless such facts are averred as give him the right to use the name of the obligee in this manner. No such facts are pleaded. The bond of the defendant does not appear to have been given for the benefit of Mr. Barnes nor for that of any person other than the Board of Education of the City of Bayonne. It is not averred that the obligee has assigned to Mr. Barnes its right of action to recover for breach of the condition of the bond. It is not even averred that the obligee has been injured by the breach.

This case is squarely ruled by the recent decision of the Supreme Court in First Methodist Episcopal Church to the use of Hall v. Isenberg, 246 Pa. 221.

The court sustained defendant's demurrer to the statement of claim. Plaintiff appealed.

*Error assigned* was the order of the court.

*Edward J. Mingey,* for appellant.

*Murdoch Kendrick,* for appellee.

PER CURIAM, March 6, 1916:

This judgment is affirmed on the opinion of the learned court below sustaining defendant's demurrer to plaintiff's statement.