## H. H. Robertson Co. *v.* Globe Indemnity Co., Appellant.

*Principal and surety—Bond—State highways—Act of May 31, 1911, P. L. 468—Materialmen—Parties.*

1. A materialman may, either in his own name, or in the name of the Commonwealth for his use, recover against the surety on a bond given the Commonwealth by a contractor under the provisions of the State Highways Act of May 31, 1911, P. L. 468.

2. If such a suit is brought without the Commonwealth being made a party, it will be decided solely upon the record made up by the parties therein, without in any manner affecting or prejudicing the rights of the Commonwealth.

Argued September 27, 1920. Appeal, No. 104, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., April T., 1920, No. 2545, for plaintiff on case-stated in case of H. H. Robertson Co. v. Globe Indemnity Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Case-stated in assumpsit by subcontractor on a bond given to the Commonwealth under the provisions of the State Highways Act of May 31, 1911, P. L. 468. Before FORD, J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff for $2,200 on the case-stated. Defendant appealed.

*Error assigned* was judgment, quoting it.

*Gifford K. Wright,* of *Alter, Wright & Barron,* for appellant.—Plaintiff was not a party to the contract and therefore cannot maintain this suit: Lancaster v. Frescoln, 203 Pa. 640; Blymire v. Boistle, 6 Watts 182; Strohecker v. Grant, 16 S. & R. 237; Hubbert v. Borden, 6 Wh. 79; Campbell v. Lacock, 40 Pa. 448; Ardesco Oil Co. v. North American Oil & Mining Co., 66 Pa. 375; Stainer v. Royal Ins. Co., 13 Pa. Superior Ct. 25; First M. E. Church v. Isenberg, 246 Pa. 221; Board of Education v. Massachusetts B. & I. Co., 252 Pa. 505.

*Donald Thompson,* of *Calvert, Thompson & Wilson,* for appellee.—Under the principle that the person for whose benefit the contract is made with another may maintain an action on such contract, a public bond, required by statute of the contractor, conditioned for the protection of those who furnish labor or materials in the performance of public works contracted for, can be enforced by any person to whom the principal is indebted for work or material under the contract secured by the bond: School District ex rel. Iron Works v. Livers, 147 Mo. 580; Young v. Young, 21 Ind. App. 509; American Surety Co. v. Holliwell Cement Co., 9 Kan. 8; Haakinson v. McPherson, 166 N. W. R. (Iowa) 60; Wilson v. Webber, 157 N. Y. 693.

*Wm. I. Schaffer,* Attorney General, with him *Robert S. Gawthrop,* First Deputy Attorney General, for Commonwealth.—The Commonwealth has a right to use its own bond in any way it may be to its greatest advantage, and plaintiff below has utterly failed to bring himself in any of the well recognized exceptions to the common law rule, "that no one can sue on a contract to which he is not a party."

OPINION BY MR. JUSTICE FRAZER, December 31, 1920:

Plaintiff, a subcontractor, sought to recover on a case-stated from the contractor's surety the price of materials furnished by plaintiff in the course of construction of a section of highway under the State Highway Act of May 31, 1911, P. L. 468. Defendant's contention was, that no right of action existed in plaintiff company, it not being a party to the contract. The court below entered judgment for plaintiff, from which action defendant appealed, the sole question before us being whether a materialman, either in his own name, or in the name of the Commonwealth for his use, can recover against the surety on a bond given the Commonwealth by a contractor under the provisions of the act above mentioned.

We deem unnecessary a discussion of the decisions under the common law rules governing the right of a third person to sue on a contract made for his benefit, inasmuch as, in our view of the case, the answer to the question for consideration here is found in the express provisions of the statute. So far as material to the present case, the act provides in section 13 that every person to whom a contract is awarded for the improvement of a state highway shall furnish bond with surety conditioned that the contractor shall complete all work and save the Commonwealth harmless from expense incurred by reason of the contractor's failure to complete the work "or for any liability for payment of wages due or material furnished said contractor: and shall well and truly pay to all and every person furnishing material or performing labor in and about the construction of said highway, all and every sum and sums of money due him, them, or any of them, for all such labor and materials for which the contractor is liable." The bond here given contained provisions identical with those above quoted from the statute. This language clearly indicates an intention upon the part of the legislature to protect persons furnishing work and materials in the construction of highways, it being in the interest of the Common-

wealth to secure high grade work by providing adequate provision to insure to competent workmen and material-men payment of their claims upon completion of the work: Phila. v. Stewart, 195 Pa. 309, 313; Com. v. Nat'l Surety Co., 253 Pa. 5, 10. In the latter case the act now in question was before this court for construction and we affirmed the case on the opinion of the court below, in which it was stated that, while a simple agreement with the Commonwealth to pay all wages and for materials would be insufficient to support an action by a materialman in his own name, yet "the statute provides for an agreement to pay the workmen and material-men and in the bond it is so agreed." True, the bond there contained an additional provision, not found in the obligation here, to the effect that persons having a claim against a contractor for labor done or materials furnished "shall have the right to bring suit upon this obligation and to recover such sum as may be justly due him or them, if such suit be brought in the name of the Commonwealth of Pennsylvania for the use of the person or persons having such claim"; aside from this provision, however, the wording of the statute alone shows an intention to confer upon those furnishing labor and materials a beneficial interest in the bond by requiring the obligors to "pay to" them "all and every sum" which might be due them. This provision, when incorporated in the bond, constitutes an express promise for the benefit of third persons and will support an action either in their own name or in the name of the Commonwealth for their use. The furnishing of work or materials in reliance upon the provision of the statutory bond furnishes ample consideration for the promise.

Appellant relies upon First M. E. Church v. Isenberg, 246 Pa. 221, and Board of Education v. Massachusetts B. & I. Co., 252 Pa. 505. In those cases the condition of the bond was merely to pay for all labor and materials furnished in completing the work under the contract. This stipulation was merely for the benefit of the obligee

in the bond and not for the benefit of those furnishing labor and materials, consequently it failed to authorize such persons to bring suit directly on the bond.  In the present case the statutory provisions require the obligors in the bond to pay to workmen and materialmen the amount due them respectively, thus creating a direct obligation for their benefit which they are entitled to enforce, either in their own names or in the name of the Commonwealth to their use.

This case was first heard at Harrisburg; subsequently, on motion of the attorney general, reargument was had at the Pittsburgh session of the court.  The attorney general contended, as did the defendant, that plaintiff, not being a party to the bond, was without a right of action.  While we have found against this contention under the facts agreed upon in the case-stated, our decision is based solely upon the record as made up by appellant and appellee and does not in any manner affect or prejudice the rights of the Commonwealth, it not being a party to the issue or trial under the agreement entered into by plaintiff and defendant.

The assignment of error is overruled and judgment affirmed.