## Commonwealth, to use, v. New Amsterdam Casualty Co.

*Practice, C. P.—Pleading—Statement of claim—"One material allegation" —Practice Act of 1915.*

1. Upon a motion to strike off plaintiff's statement for the reason that certain of its paragraphs contained more than one material allegation, the paragraphs complained of averred, in substance, as follows: "6. An offer to furnish crushed stone at $1.20 per ton, acceptance of said offer, and purchase at the price mentioned. 8. The total value of stone furnished, the amount paid on account, and the balance due. 11. Failure to receive payment, demand for payment and refused to pay." *Held,* that these paragraphs did not constitute any material violation of section 5 of the Practice Act of May 14, 1915, P. L. 483, requiring every pleading to contain paragraphs numbered consecutively, each of which shall contain but one material allegation.

2. It is impossible to lay down any general arbitrary rule as to what constitutes a single material allegation, and the pleader must in each case be guided by the exigency of the case.

*Practice, C. P. — Pleading — State highways — Action by materialman against contractor's surety—Act of May 16, 1921.*

3. The Act of May 16, 1921, P. L. 650, was passed to fix the procedure by which, *inter alia,* persons furnishing labor or materials to a contractor having a contract for the construction and improvement of a highway of the Commonwealth of Pennsylvania with said Commonwealth may recover the value of their labor or materials from the contractor or his surety, and its requirements are mandatory.

4. This act is applicable to contracts made before its passage, as well as thereafter, if suit thereon was brought after the approval of the act.

Motion to strike off plaintiff's statement. C. P. Dauphin Co., Sept. T., 1922, No. 88.

*Beidleman & Hull* and *George L. Reed,* for motion.

*William Jenkins Wilcox,* contra.

WICKERSHAM, J., Nov. 27, 1922.—A motion was made to strike plaintiff's statement from the record, wherein it is alleged, first, that paragraphs six, eight and eleven plead more than one material allegation; and, second, that the plaintiff's statement does not show a good cause of action, for the reason: *(a)* It does not aver that the Commonwealth of Pennsylvania has not brought suit within six months from completion of said contract with the Commonwealth; and *(b)* it does not set forth the written contract upon which suit is based, to wit: The contract between the Commonwealth of Pennsylvania and Warren Moore & Co.

We do not think there is any merit in defendant's first contention. The sixth paragraph of plaintiff's statement alleges, in effect, an offer to furnish

crushed stone at $1.20 per ton, an acceptance of said offer, and purchase of stones at the price mentioned. The eighth paragraph of plaintiff's statement shows the total value of the crushed stone furnished by the plaintiff to said Warren Moore & Co., the amount paid on account, and the balance due. And in the eleventh paragraph it is alleged that the plaintiff has not received the balance due, that it has made demand for payment, and that payment has been refused. We do not find that there is, in the sections of plaintiff's statement from which we have quoted, any material violation of the requirements of section 5 of the Practice Act of May 14, 1915, P. L. 483, requiring every pleading to contain paragraphs numbered consecutively, each of which shall contain but one material allegation.

"It is impossible to lay down any general arbitrary rule as to what constitutes a single material allegation, and the pleader must in each case be guided by the exigency of the case. 'The minutest possible sub-division into its last possible analysis of statement in a paragraph we do not think is required; although, on the other hand, we must avoid the inclusion of two material or essential allegations in a single paragraph. A correct intermediate course must be pursued, and although a paragraph contains a single material allegation, it may also contain, depending upon the circumstances, such subordinate allegations as may modify, clarify or explain this:' " The Pennsylvania Practice Act of 1915, by David Werner Amram, citing Fuel Oil Co. *v*. Clarendon Refining Co., 29 Dist. R. 805; White *v*. Lawrence Hose Co., 29 Dist. R. 706; Wolfe *v*. Best, 1 D. & C. 732.

The second question raised by the defendant is more serious and presents questions of grave difficulty. It appears from the pleadings that "on or about May 17, 1919, Warren Moore & Co., a corporation, entered into a written contract with the Commonwealth, by the State Highway Commissioner, for the construction and improvement by the said Warren Moore & Co. of a certain section of the State highway system of Pennsylvania in Tioga County. . . . Contemporaneously with the execution and delivery of the contract so made between the Commonwealth of Pennsylvania and Warren Moore & Co., the said Warren Moore & Co. and the defendant herein, to wit, the New Amsterdam Casualty Company, entered into a joint and several bond or obligation with the Commonwealth of Pennsylvania, one of the conditions of which is that 'the above bounden principal, as contractor, shall well and truly pay all and every person furnishing material or performing labor in and about the construction of said highway, all and every sum or sums of money due to him, them, or any of them, for such labor and material for which the contractor is liable.' " That early in April, 1921, the use-plaintiff, in response to an oral request, quoted orally to the aforesaid Warren Moore & Co. a price of $1.20 per ton for crushed stone, f. o. b. Auburn, New York. In accordance with the quotation thus asked and obtained, Warren Moore & Co., the latter part of April, purchased crushed stone at said price; that Warren Moore & Co., being thus indebted to the use-plaintiff, failed to pay all of the amount due, and, therefore, this suit was brought against the defendant to recover the balance due under its bond of indemnity.

The defendant claims that before the plaintiff can recover in this action it must show in its statement of claim that no suit has been brought by the Commonwealth of Pennsylvania within six months from the completion of said contract between the Commonwealth of Pennsylvania and Warren Moore & Co., and until final settlement has been made with the Commonwealth; and, second, that the plaintiff's statement must be accompanied by a certified copy

of the contract between the Commonwealth of Pennsylvania and Warren Moore & Co., which the plaintiff was entitled to receive from the Commonwealth upon its compliance with the provisions of the Act of May 16, 1921, P. L. 650-54. It is provided in said act, *inter alia:* "If no suit shall be brought by the Commonwealth of Pennsylvania within six months from the completion of said contract and final settlement with the Commonwealth, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing an affidavit to the State Highway Department that labor and materials for the prosecution of such work have been supplied by him or them, and that payment for the same has not been made, be furnished with a certified copy of said contract and bond. Upon which he or they have a right of action, and shall be, and are hereby, authorized to bring suit in the name of the Commonwealth for his or their use and benefit against said contractor or his sureties, and to prosecute the same to final judgment and execution."

It is further provided in said act that no suit shall be instituted by any of the creditors on the bond of the contractor until after the complete performance of the contract and final settlement thereof with the Commonwealth.

It will be observed, therefore, that the cause of action of the use-plaintiff in this case is based "upon the certified copy of the contract" and bond entered into between the Commonwealth of Pennsylvania and Warren Moore & Co.; therefore it must attach to its statement a copy of the "contract and bond" upon which its action is based, in compliance with that part of section 5 of the Practice Act of 1915, which provides, *inter alia,* that: "Every pleading shall have attached to it copies of all notes, contracts, book entries, or a particular reference to the records of any court within the county in which the action is brought, if any, upon which the party pleading relies for his claim or defence, as the case may be."

It is contended by the plaintiff that, as the cause of action arose prior to the approval of the Act of 1921, above quoted, it is not bound to proceed according to the directions of said act. With this contention, however, we are not in accord. The Act of 1921 was passed to fix the procedure by which, *inter alia,* persons furnishing labor or materials to a contractor having a contract for the construction and improvement of a highway of the Commonwealth of Pennsylvania with said Commonwealth may recover the value of said labor or materials from the contractor or his surety; and, inasmuch as this suit was brought after the passage and approval of the act, we think the use-plaintiff is bound by its provisions and must proceed according to the directions therein contained. While it is quite true that the full extent of plaintiff's claim and the defendant's liability was fixed at the time the cause of action accrued (Huntingdon Borough v. Dorris, 78 Pa. Superior Ct. 469-79), yet the method which the plaintiff must pursue in order to recover is clearly established by the legislature in an act passed and approved before this suit was brought and before the plaintiff attempted to avail itself of the remedies provided by law. Nor do we think the decisions referred to in the plaintiff's brief (Robertson Co. v. Globe Indemnity Co., 268 Pa. 309, and Com., to use, etc., v. National Surety Co., 253 Pa. 5) can have any controlling influence in our decision in this case. In these cases suits were brought to recover upon bonds furnished by contractors under the provisions of the Act of May 31, 1911, P. L. 468, which contains no such requirements as those provided for in the Act of 1921, above quoted, and neither of the questions raised in the case at bar were before the court in the cases last quoted.

Commonwealth, to use, v. New Amsterdam Casualty Co.

We are of the opinion that, for the reasons expressed in the second paragraph of defendant's motion to strike off the plaintiff's statement, said motion must prevail. The plaintiff's statement is, therefore, stricken from the record, unless the plaintiff amend its statement so as to comply with the provisions of the Act of 1921, in the particular we have pointed out in this opinion, within fifteen days.