# Erie to use, Appellant, *v.* Diefendorf et al.

*Principal and surety—Bond—Contractors bond to municipality —Right of action—Materialmen—Plaintiffs' statement—Parties— Act of May 10, 1917, P. L. 158.*

1. In an action against a surety, the obligation of a bond cannot be extended beyond the plain import of the words used.

2. An action cannot be maintained by a materialman on a municipal contractor's bond, in the name of the city, where no facts are given in plaintiff's statement of claim showing that he had a right to use the name of the city.

3. A materialman cannot maintain an action on a municipal contractor's bond where neither the ordinance authorizing the contract, the contract itself, nor the bond, authorize suit to be brought in the name of materialmen.

4. A provision of the contract written into the bond stipulating that the contractor shall pay workmen and materialmen, and if he fails to do so, the city may pay them and collect from the surety, gives no right of action on the bond to the workmen and materialmen.

5. The provisions of the Act of May 10, 1917, P. L. 158, do not apply to such a case, inasmuch as the acceptance of the act by the city was evidently not intended as an exercise of the power given to the city by the act to require from the contractor the additional bond specifically mentioned therein.

Argued April 30, 1923. Appeal, No. 205, Jan. T., 1923, by plaintiff, from judgment of C. P. Erie Co., Sept. T., 1922, No. 166, sustaining statutory demurrer, in case of City of Erie, now for use of B. W. Schafer, who survives Frank H. Boyd, late trading as Boyd & Schafer v. F. G. Diefendorf and Fidelity & Deposit Co. of Maryland.. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit on bond. Before ROSSITER, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on statutory demurrer. The use-plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Charles P. Hewes,* for appellant.—The use-plaintiff has a right of action: Peterson v. Lothrop, 34 Pa. 223; Berks County v. Levan, 86 Pa. 360; Campbell's Est., 22 Pa. Superior Ct. 432; Am. Mfg. Co. v. Morgan Smith Co., 25 Pa. Superior Ct. 176; Kamber v. Becker, 27 Pa. Superior Ct. 266; Sentinel Printing Co. v. Long, 28 Pa. Superior Ct. 608; Keating v. Peddrick, 240 Pa. 590; New T. Holland Co. v. Lancaster Co., 71 Pa. 442; Phila. v. Stewart, 195 Pa. 309; Phila. v. Neill, 211 Pa. 354; Bowditch v. Gourley, 24 Pa. Superior Ct. 432; Phila. to use v. Nichols, 214 Pa. 265.

The condition of the bond in suit complies, in spirit, with the requirement of the Act of 1917: Com. ex rel. v. Hospital, 199 Pa. 119; Com. v. Laub, 1 W. & S. 261.

*Arthur W. Mitchell,* for appellee.—This case is controlled by the case of First Methodist Episcopal Church to use v. Isenberg, 246 Pa. 221.

See also: Board of Education v. Bonding, etc., Co., 252 Pa. 505.

The Act of 1917 cannot be read into this bond: Com. to use v. Surety Co., 253 Pa. 5; H. H. Roberts Co. v. Indemnity Co., 268 Pa. 309.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, June 23, 1923:

This is an action, in the name of the City of Erie, for the use of a materialman, to recover on a bond given to the municipality by a contractor and his surety; the latter filed an affidavit of defense in the nature of a demurrer; the court below entered judgment in defendant's favor and the use-plaintiff has appealed.

Appellant contends that the words of the bond itself, without calling on other facts, warrant the present suit; next, that the bond can be considered, and sued on, as an obligation within the Act of May 10, 1917, P. L. 158,

which provides that cities and other local governing bodies, in making public improvements, shall "have the power to require of the contractor or contractors, employed in and about said improvements, *an additional bond,* with sufficient surety or sureties, providing for the payment of all labor and material entering into the said improvements," and that those furnishing such labor and material shall have the right to sue *"upon said bond,* upon proof of said contractor's failure to pay for said labor or material."

We cannot agree with either of the above contentions, nor with some of the numerous subordinate positions taken by the use-plaintiff; and as to others, which may be sound in principle, we fail to see their relevancy to this case. Speaking broadly we feel, after considering all these matters, that the documents relied on by appellant,—being, of course, the only evidence before us,—show that he has no rights thereunder; the authorities cited by him concern facts differing in essential particulars from those here presented and do not govern the instant controversy. We shall discuss in this opinion, such matters only as are requisite to the determination of the points involved in the two general contentions already mentioned, for they are all we deem essential to a decision on the facts at bar.

It is provided in the bond that the contract shall be part thereof; the first of these instruments is plainly intended to secure to the City of Erie the proper performance of the second and at no place in either is language found giving any person other than the obligee a right of action. While the obligation here sued on was executed since the date of the Act of 1917, supra, the acceptance of the bond by the city evidently was not intended as an exercise of the latter's power under that statute; in this and other respects, the case before us is much like Lancaster v. Frescoln, 192 Pa. 452, 456, and 203 Pa. 640, 643. There, as here, "the bond was given by a contractor to a city and recited that the contractor

should perform his work, pay his laborers and for the material used." The action, like the present one, was brought in the name of the city to the use of parties who furnished materials, and the defense was made by the surety "in its own interest only," the first ground of defense being that "the bond imposed on it, the surety, no liability to the use-plaintiffs." Lancaster v. Frescoln arose prior to the Act of 1917, but so far as the presence on the statute books of that act figures as a circumstance in the case at bar, it finds a parallel in the Lancaster Case, where a "general ordinance of the city," like the Act of 1917, provided for the giving, by contractors, of "additional bonds" to the municipality "for the use of any persons who may be aggrieved by the contractor's failure to pay for work done or materials furnished." In deciding in favor of the surety, we said: "The special ordinance, authorizing the [improvement], required the contractor to enter security for the faithful performance of the contract......This bond was not given under [the terms of the general] ordinance; it is *not an additional bond,* and it is not for the use of third parties. It was given under the special ordinance, and its conditions correspond with the stipulations of the contract. In an action against a surety the obligation of a bond cannot be extended beyond the plain import of the words used. This bond is given to the City of Lancaster, and primarily for its benefit; it is the only party entitled to sue, and no recovery can be had except in its right." When the matter was again before us, in 203 Pa. 640, 644, 645, we adopted the opinion of the court below, per curiam, wherein the case against the appellant is well put in the following question and answer: "Suppose......the contractor......failed to pay [for] labor and materials [and] the aggregate of both claims more than equaled the amount of the bond, could......[the] laborers and materialmen......[exhaust the security for their own benefit]......to the peril of the city, in case of default by the contractor in fulfilling the terms of his contract? Under

no circumstances could the surety be called on for more than the amount of [the] bond......[and] it is obvious that the purpose of the city, both in spirit and letter, was only to protect its own rights.....; the bond...... [is] for the benefit of the city......alone and not for the use of the materialmen and laborers, except as the city [might see] fit to use it for that purpose [in its own right]."

All the above-quoted words fit the present facts; and the case from which they are taken and this one are sufficiently alike in essential particulars to hold that the first rules the second. As said in the somewhat similar case of Board of Education v. Massachusetts Bonding & Ins. Co., 252 Pa. 505, "the bond of defendant does not appear to have been given for the benefit......of any person other than the [obligee]......; [plaintiff] is a stranger to the bond, and therefore has no right of action on it......The case is squarely ruled [in principle] by ......First Methodist Episcopal Church v. Isenberg, 246 Pa. 221." .

In Bowditch v. Gourley, 24 Pa. Superior Ct. 342, 344, cited by appellant, the bond sued on was given under the terms of a general ordinance entitled "An ordinance for the protection of......persons furnishing materials and labor......for any......city work," which, as said by this court in Phila. v. McLinden, 205 Pa. 172, 176, expressly "authorized such persons to bring suit in the name of the city for their benefit against a defaulting contractor and his surety." The same situation was also present in Phila. v. Stewart, 195 Pa. 309, and 198 Pa. 422; Phila. v. Nichols Co., 214 Pa. 265; Phila. v. Neill, 206 Pa. 333 and 211 Pa. 353, 355, 361; and in Phila. v. Wiggins, 227 Pa. 343.

In Com. v. National Surety Co., 253 Pa. 5, 7-8, 10, the bond explicitly provided that suit might be brought thereon by every person having a claim for labor and materials furnished the contractor; and it was held that the obligation came fairly within the act authorizing its

·execution; see also Robertson Co. v. Globe Indemnity Co., 268 Pa. 309, and 77 Pa. Superior Ct. 422, 424. In the present case, however, the ordinance which gave rise to the bond simply requires "security satisfactory to the city council for the due performance of [the contractor's] proposal," and there is nothing said in the ordinance, or in the bond itself, as to parties other than the obligee having any rights thereunder.

The contract, which as before stated is written into the bond, provides: "And it is further agreed and understood that the said party of the first part shall pay all workmen employed on said work, and for all material used in said work, from time to time as estimates on said work are paid by the City of Erie, and also that if said party of the first part shall fail to pay for all material used in said work, or fail to pay the men employed thereon, it shall be lawful for the City of Erie to do so for the said first party, and deduct the amount so paid from any funds due or to become due said contractor; or if an amount sufficient for the purpose is not or will not be due said contractor, the City of Erie, at its option, may pay all such claims and recover the amount so paid from the party of the first part, and that the contractor's sureties shall be expressly holden therefor."

When the ordinance, contract, and bond are all considered, it is quite plain that the latter instrument, so far as it mentions payment by the contractors for labor and materials, simply expresses the intention of the parties that the bond shall stand back of the provisions of the contract quoted by us in the paragraph last above, in order to guarantee the city against loss should it, on the default of the contractor, make payments in accord with the terms there expressed (Lancaster v. Frescoln, 203 Pa. 640, 643, 644, 645); the bond was not in any sense intended to create or acknowledge a direct obligation to laborers and materialmen. The court below, therefore, was right in holding that "the case at bar does not fall

within any of the exceptions to the well-settled rule of the common law, that one not a party to an obligation cannot maintain an action thereon"; and, as already shown, no facts which "give him the right to use the name of the obligee" are averred in appellant's statement of claim; this we held to be essential in Board of Education v. Massachusetts Bonding & Insurance Co., 252 Pa. 505, 506.

Other jurisdictions may entertain a view different from that shown by the decisions in this state, but the Pennsylvania view is not without support elsewhere: Donnelly on the Law of Public Contracts, section 336 and note 3.

The judgment for defendant is affirmed.