# BALTIMORE CITY COURT.

Filed January 24, 1924.

MAYOR AND CITY COUNCIL OF BALTIMORE, ETC., FOR THE USE OF WARREN WEBSTER & COMPANY, A BODY CORPORATE,

VS.

MARYLAND CASUALTY COMPANY, A BODY CORPORATE.

*Horton S. Smith*, Assistant City Solicitor, for plaintiff.

*Walter L. Clark* for defendant.

FRANK, J.—

The allegations of the counts demurred to which are pertinent to the questions here involved recite in effect that the equitable plaintiff furnished to William F. Kirwan certain material to be used by him in the performance of a certain contract with Baltimore City for the labor and material for the heating and ventilating apparatus in those school houses being erected by the City. Each of the three counts demurred to relates to one of three schools and the questions arising under the three counts are identical.

Kirwan gave to the City in the case of each contract a bond for the faith-

ful performance thereof. The bonds are identical in form except as to the amount of the penalty and as to the contract secured. The City is in each case the sole obligee in the bond and the condition in each case reads that Kirwan "shall in all respects comply with the terms and conditions of said contract and his obligations thereunder including the specifications therein refered to and made part thereof etc."

The only provision of the contracts and specifications that is here important is to be found in the specifications and is as follows: Under the heading "Payments," it is stipulated that "At the time of completion and before final vouchers for settlement is passed, the contractor shall deliver to the Inspector of Buildings, certified copies of payments for all materials and work furnished under this contract."

This provision is relied on by the equitable plaintiff as impliedly amounting to an agreement on the part of Kirwan with the City to pay for all materials and work furnished under the contract and as the performance of the contract, including the specifications, is secured by the bond it is argued:

1. That such payment is guaranteed by the bond, and

2. That, in default of such payment, the materialman for whose benefit the bond is thus claimed to have been given is entitled to sue thereon.

There is a further provision in the specifications requiring the contractor to state in writing to the Inspector of Buildings the names of subcontractors, etc., but as this information is specifically stated to be required so that the Inspector may know whether such subcontractor is reputable and reliable and able to perform the work or to furnish the materials as called for in the specifications," it can scarcely be argued that this provision *per se* indicates that the bond was intended for the protection of the subcontractor.

(1) I do not think that the requirements above quoted that as a condition of final payment, the contractor must furnish certified copies of payments for all materials and work furnished under the contract amounts to an agreement on the part of the contractor to make such payments. The City assumes no obligation with respect to the materialman. Nor does the contractor anywhere in express language

agree to pay for materials, although it may be assumed that it was contemplated by the parties that all materials would be paid for. The contractor does, however, expressly agree to deliver to the Inspector of Buildings certified copies of such payments. What does this language mean?

The Court in construing the bond and the contract and specifications cannot refuse to take into consideration the well established practice of the City of Baltimore, well known to all persons having to do with construction contracts with the City, to require receipted bills to be delivered to the City, in advance, and as a condition, of the payment thereof. All persons entitled to payment from the City must first place receipts for such payments with the City. Until such payments from the City are received, the contractor will frequently not be able to pay his subcontractors. When, therefore, the City by the provisions of the specifications herein involved, required certificates of payments to subcontractors, it is reasonable to suppose that it no more considered that these certificates represented actual payments to the subcontractors than it knew that the receipts furnished by contractors to it in advance of payment represent actual payments by the City. The bond was given to the City as the obligee and must, therefore, be construed in the light of the relations between the obligor, the surety, and the City. For the reasons indicated I cannot think that the language of the specifications requiring the furnishing of certificates of payment to materialmen and laborers required anything more than the furnishing of these certificates, regardless of whether the payments should have actually been made. The furnishing of these certificates would relieve the City from the annoyance of any claims advanced by the subcontractor. This view requires the sustaining of the demurrer without the determination of the second contention above stated:

(2) That, in default of payment to the materialmen, the latter have the right to sue in the bond, on the ground that it was given for their benefit even though they are not named as obligees therein. In considering this question, it is necessary to assume that the bond in connection with the contract and

specifications contains as one of its conditions that the obligor will pay the materialmen. This I have already held not to be the case, but the assumption must nevertheless be made in order to consider at all this second question.

The authorities on this question are hopelessly in conflict:

Brantley, Contracts (2nd Ed.), p. 259.

Knight & Jellison Co. vs. Castle, 27 L. R. A. (N. S.) 573.

A discussion on them here is impracticable even if it would be desirable. In my judgment, the weight of authority denies the right of recovery unless by the terms of the bond itself or of the papers therein incorporated, such right is expressly given. Even where the bond is issued under statutory requirements, if the language empowering the materialman or laborer to sue is omitted, the right to recover on the bond is usually denied. The briefs filed with me fairly and fully discuss the opposing contentions, with copious citations of authority. There is no case in Maryland to which I have been referred which throws any light upon the question. That of Holt vs. State Roads Com., 124 Md. 66, is clearly distinguishable from the present case on its facts. I shall content myself with a quotation from the recent Pennsylvania case of City of Erie vs. Diefendorf (1923), 122 Atl. Rep. 159, which seems to me to express the correct view. In this case, the contract, written into the bond, provided that the contractor shall pay all workmen employed on said work and for all material used in said work from time to time," etc. Says the Court on page 160: "When the ordinance, contract and bond are all considered, it is quite plain that the latter instrument, so far as it mentions payments by the contractors for labor and materials, simply expresses the intention of the parties that the bond shall stand back of the provision of the contract quoted * * * in order to guarantee the City against loss, should it, on the default of the contractor, make payments in accordance with the terms therein expressed * * * the bond was not in any sense intended to create or acknowledge a direct obligation to laborers and materialmen. The Court below was right in holding that the case at bar does not fall within any of the exceptions to the well-settled rule of the common law, that one not a party to an obligation cannot maintain an action thereon."

The demurrer to the declaration will be sustained with leave to amend within fifteen days.