## Cheltenham Township School District, to use, v. Aetna Casualty and Surety Company.

*Bonds — Instrument under seal—Actions—Third parties—Use-plaintiff—Act of May 10, 1917.*

1. No matter what may be the intentions of the parties, an instrument under seal cannot be sued upon by a third party.

2. The use-plaintiff in an action on a bond cannot recover if the legal plaintiff has suffered no loss which the defendant can be called upon to indemnify.

3. A bond given to a school district to indemnify the district against loss through a failure of a contractor to complete his contract will not be construed as a bond under the Act of May 10, 1917, P. L. 158, to protect labor and materialmen, where the express words of the bond and specifications of the contract, interpreted in the light of the unequivocal condition of the bond, indicate that the contract created by the bond is one of indemnity exclusively.

Affidavit of defense raising questions of law. C. P. No. 2, Phila. Co., June T., 1927, No. 1207.

*J. B. Colahan*, for plaintiff; *Joseph W. Henderson*, for defendant.

Gordon, Jr., J., April 2, 1928.—This case is before us upon an affidavit of defense raising questions of law. The suit is upon a bond given by the defendant to the legal plaintiff, the school district, to indemnify the latter against loss arising through a failure of the principal in the bond, J. Y. Loux, who was a contractor engaged in the erection of a school building at Elkins Park, "to faithfully perform said contract or to fully pay for all labor and materials used in the performance of such contract." The use-plaintiff is a materialman who furnished the material used in the performance of the principal's contract with the school district.

The pleadings disclose the following controlling facts in the case. On Jan. 28, 1925, Loux entered into a contract with the school district, the legal plaintiff, to erect a high school at Elkins Park. The specifications attached to the contract, and which were, by reference, incorporated in the bond in suit, provided that "the general contractor and contractors . . . shall furnish to the Owners, Surety Company bond satisfactory to the Owners, before any payments are made, in the sum of the total amount of all contracts included in their contracts, protecting Owners against all damage, insuring the faithful execution of the contract, and the payment of all just bills contracted in this work." In pursuance of this provision of the specifications, Loux furnished the bond of the defendant here in suit. The condition of the bond is as follows: "Now, therefore, the condition of this obligation is such that if the principal shall indemnify the Obligee against any loss directly arising by reason of the failure of the Principal to faithfully perform said contract, or to fully pay for all labor and material used in performing said contract, then this obligation shall be void; otherwise remain in full force and effect." The use-plaintiff thereafter furnished certain materials for the building to the principal, and, on Dec. 25, 1925, Loux, who had defaulted in his contract with the legal plaintiff and abandoned the work, filed a petition in bankruptcy, leaving an unpaid balance of $2414.78 due to the use-plaintiff for materials furnished to the work.

It is conceded in the statement of claim that the school district, the legal plaintiff and obligee in the bond, has neither paid this bill nor suffered any damage by reason of the failure of Loux to pay it, and that it has no need to resort to the bond for its own protection. The question, therefore, arises whether under these facts a cause of action on the bond lies in either the legal or use-plaintiff.

Since the bond is an instrument under seal, the use-plaintiff could not sue upon it in his own right as a third party primarily benefited by the contract, because it has been definitely settled by the case of Greene County, to use, *v.* Southern Surety Co., decided by our Supreme Court, Dec. 7, 1927, 292 Pa. 304, that, no matter what may be the intentions of the parties, an instrument under seal cannot be sued upon by a third party. This being so, the use-plaintiff can only recover here in the right of the legal plaintiff, unless the bond is an "additional bond" given to protect labor and materialmen under the provisions of the Act of May 10, 1917, P. L. 158, which enables labor and materialmen to recover on such a bond upon proof only of the contractor's failure to pay. If the bond was not given under the provisions of that act, the use-plaintiff cannot recover here, because, in that event, its rights would be only those of the legal plaintiff, which has suffered no damage through the failure of the principal to pay the use-plaintiff; that is to say, the use-plaintiff could not recover because the legal plaintiff has suffered no loss which the defendant can be called upon to indemnify. The question to be decided, therefore, is whether or not the bond in suit is merely an indemnity bond given under the provisions of the specifications or is a bond given under the provisions of the Act of 1917; and this controlling question must be determined by an inspection and interpretation of the bond itself.

The statement of claim avers, in paragraph 11, that "the said bond was intended by the parties thereto to be and was and is, not only a bond guaranteeing the completion of the said improvement to the legal plaintiff, but also the additional bond protecting labor and materialmen, such as [is] authorized by the said act of assembly (Act of 1917)." This is not an averment of a definite agreement that the bond was given under the Act of 1917. It is merely an averment that the bond was intended to be so given. Therefore, as all of the parties to this litigation are corporations, acting in the matter by written instruments which speak for themselves, their intention is to be gathered from their writings, and a mere averment in the statement of claim of an intention which is in contradiction of the clear intention of the parties as expressed in their written contracts, does not raise an issue for determination by a jury. Hence, the averment of paragraph 11, just quoted, cannot control the disposition of the motion before us.

Considering now the question of whether the bond before us was given under the Act of 1917, it will be noticed, in the first place, that the language of the condition of the bond itself is clear, certain and unequivocal. It is that the defendant "shall *indemnify* the obligee *against any loss* directly arising by reason of the failure of the principal to faithfully perform said contract *or* to fully pay for all labor and material used in the performance of such contract." (The underscores are ours.) Clearly, this is a bond of indemnity, given to the school district to indemnify it against loss caused by the failure of the principal to pay for materials used in the building. The language is not ambiguous and the intent to be gathered from it is not to be misunderstood.

It is contended, however, that the intention of the school district, as shown by the language of the specifications, which are incorporated by reference in the bond, was to call for a bond under the Act of 1917. It may be conceded that the language used in the specifications is not entirely clear. It provides that a bond shall be given "protecting owners against all damage, insuring the faithful execution of the contract, and the payment of all just bills." Standing alone, this might be interpreted as calling for a bond protecting the owners and also insuring the payment of sub-contractors, and, as such,

Cheltenham Township School District, to use, *v.* Ætna Casualty and Surety Co.

would call for a bond under the Act of 1917. On the other hand, it could equally well be argued that the word "insuring," following as it does, without disjunctive words, upon the provision that the bond shall protect the owners against damage, is merely descriptive of the nature of the protection required by the owner; that this is especially so since, in the contract, the owners are authorized to pay laborers only and not materialmen; and, hence, that the bond was intended to be entered as an indemnity bond merely, and not under the Act of 1917. If we concede this ambiguity, however, we are forced, then, to interpret the specifications in the light of the unequivocal condition of the bond, which indicates that the contract is one of indemnity exclusively: Erie, to use, *v.* Diefendorf, 278 Pa. 31; Lancaster *v.* Frescoln, 192 Pa. 452, and 203 Pa. 640.

It accordingly follows that the bond was not given under the Act of 1917, that the use-plaintiff can recover only in the right of the legal plaintiff, and that, as the legal plaintiff has shown no loss which would ground a right of action against the defendant, the affidavit of defense raising questions of law must be held sufficient. In addition, it is evident that it would be useless to give the plaintiff an opportunity to amend, for it could not improve its position by doing so. Accordingly, the affidavit of defense raising questions of law is adjudged to be sufficient, and judgment is hereby entered in favor of the defendant.