## In re H. A. MOORE CO., Inc.

District Court, M. D. Pennsylvania. February 25, 1929.

No. 5279.

A. W. Duy, of Bloomsburg, Pa., for petitioner.

W. H. Hackenberg, of Milton, Pa., and Knight & Taggart, of Sunbury, Pa., for trustee.

JOHNSON, District Judge. The H. A. Moore Company, Inc., bankrupt, contracted with the Magee Carpet Company, on June 22, 1925, to construct certain buildings for the Magee Carpet Company. The contract contained a stipulation against mechanics' liens, which was entered of record, but not properly indexed, and an authorization to the owner, the Magee Carpet Company, to pay claims for labor and material and deduct the amount paid from the amount due the contractor.

The Bloomsburg Brick Company claims from the Magee Carpet Company the sum of $1,280.70 from money withheld by the Magee Carpet Company for brick furnished to the contractor. On petition of the Bloomsburg Brick Company a rule was granted on D. R. Erdman, trustee in bankruptcy of H. A. Moore Company, Inc., to

show cause why the Magee Carpet Company should not withhold out of the money in its hands due the estate of the said bankrupt the sum of $1,280.70, with interest from April 20, 1926, and turn over the same to the Bloomsburg Brick Company in liquidation of its claim for labor and materials furnished under and subject to the terms of the said contract.

The matter was referred to Geo. E. Deppen, referee in bankruptcy, as special master, who, after hearing and due consideration, made the following report:

"Findings of Fact.

"(1) That the Bloomsburg Brick Company is a corporation duly organized and existing under the laws of the commonwealth of Pennsylvania, engaged in the manufacture and sale of brick and clay products, having its principal place of business at the town of Bloomsburg, Columbia county, in said district. * * *

"(2) That the H. A. Moore Company, Inc., is a corporation duly organized and existing under the laws of the commonwealth of Pennsylvania, and was formerly engaged in the business of general contractor, having its principal place of business at the borough of Milton, Northumberland county, in said district. * * *

"(3) That the Magee Carpet Company is a corporation duly organized and existing under the laws of the commonwealth of Pennsylvania, engaged in the business of manufacturing and selling carpets, with its principal place of business at the town of Bloomsburg aforesaid. * * *

"(4) That on the 22d day of June 1925, the Magee Carpet Company entered into a contract with the H. A. Moore Company, Inc., for the erection and construction of certain buildings, improvements, and additions to its carpet manufacturing plant, at the town of Bloomsburg, Pa., a copy of which contract was marked Exhibit A and made a part of the petition herein filed, and was admitted by the fourth paragraph of respondent's answer. * * *

"(5) That the said contract between the H. A. Moore Company, Inc., and the Bloomsburg Brick Company contained, inter alia, the following covenant:

"'Article IX. (a) The parties hereto shall, as part hereof, execute a separate stipulation against the filing of any mechanic's lien by any subcontractor or materialman against said building, in accordance with the requirements of the laws of the state of Pennsylvania, in such case provided.

"'(b) Before receiving his final payment under this contract, the contractor shall deliver to the architects an acknowledgment, signed by all subcontractors and materialmen who have furnished labor or materials to the contractor, that they have been paid in full, and the contractor shall make affidavit that it contains the signature of all such subcontractors and materialmen.

"'(c) If at any time there shall be evidence of any just claim which is chargeable to the contractor, the owner shall have the right to pay such claim in whole or part, and deduct the amount paid from the sum then due or thereafter to become due to the contractor, and the contractor shall accept the said deduction as a payment under this contract, or, at his option, the owner may retain from payments due an amount sufficient to pay such claim.'

"(6) That pursuant to the terms of said contract, to wit, on the 3d day of July, 1925, the said H. A. Moore Company, Inc., and the said Magee Carpet Company filed in the office of the prothonotary of the court of common pleas of Columbia county to No. 7 September term, 1925, a stipulation against liens, which was duly recorded in Mechanics' Lien Docket No. 6 at page 200. * * * (Note.—This stipulation against liens was not indexed in the judgment indices, as required by the act of assembly.)

"(7) That pursuant to the terms of the said contract the said H. A. Moore Company, Inc., proceeded to the erection and construction of the buildings therein specified, and in the course thereof purchased from the said Bloomsburg Brick Company brick of its manufacture to the amount of $4,030.40, and paid on account thereof the sum of $2,749.70, leaving an unpaid balance of $1,280.70 due from the said H. A. Moore Company, Inc., to the Bloomsburg Brick Company. * * *

"(8) That on the 29th day of September, 1926, the H. A. Moore Company, Inc., was duly adjudged bankrupt by the United States District Court for the Middle District of Pennsylvania to No. 5279. * * *

"(9) That prior to the adjudication of the bankrupt company, to wit, on April 20, 1926, the Bloomsburg Brick Company, the petitioner herein, notified the Magee Carpet Company of its claim against the H. A. Moore Company, now bankrupt, and requested under the provisions of article IX, sections (b) and (c) of the contract, as set forth in paragraph 6 above, that it, the Magee Carpet Company, withhold the sum of $1,280.70 and pay the same to the Blooms-

burg Brick Company, the petitioner, unless the conditions in section (b) of article IX be complied with. * * *

"(10) That at the time the notice by the Bloomsburg Brick Company was served upon the Magee Carpet Company, as hereinabove set forth, the Magee Carpet Company had withheld from the amount due the H. A. Moore Company, Inc., upon said contract, the sum of $7,029.80, under the provisions of article IX, sections (b) and (c), of said contract, some of which fund was paid out to lien creditors under an order of this court, and there now remains in the hands of the Magee Carpet Company the balance of said fund, the sum of $2,023.59 belonging to the bankrupt company. * * *

"(11) That the respondent, trustee in bankruptcy, has made demand upon the Magee Carpet Company for the payment to him of this unpaid balance. * * *

"(12) That it is the desire of the Magee Carpet Company to pay the bills against it in accordance with the contract entered into with the bankrupt. * * *

"(13) That the building erected by the bankrupt company has since been completed and taken over by the Magee Carpet Company, certain equities and differences having since been adjusted between the trustee and the Magee Carpet Company. * * *

"Questions Involved.

"(a) Whether or not the trustee, by virtue of the adjudication in bankruptcy of the H. A. Moore Company, takes title to the fund in the hands of the Magee Carpet Company withheld by it under the provisions of article IX, sections (b) and (c), of the contract entered into by the H. A. Moore Company prior to bankruptcy, and whether the trustee, in place of the bankrupt, must comply with the provisions as set forth in article IX, sections (b) and (c), before he is entitled to the fund?

"(b) Whether, under the provisions of article IX, section (c), of the contract entered into by H. A. Moore Company, and the Magee Carpet Company, copy of which is attached to complainant's petition, marked Exhibit A, the Magee Carpet Company may appropriate the fund in its hands, or so much thereof as may be necessary to liquidate the claim of the complainant, or any other subcontractor for material used in the construction of the buildings for the Magee Carpet Company under the terms of article IX, sections (b) and (c), of said contract, or whether such fund so retained belongs to the trustee in bankruptcy as part of the bankrupt estate.

"Discussion.

"The trustee is placed by the Bankruptcy Act (11 USCA) in the place of the bankrupt. He receives the property, rights, and equities the bankrupt had. He also represents the creditors and must do equity unto all, under the legal status which the act imposes on him. He must not only marshal the assets, but it is his duty to collect all choses in action and accounts due the bankrupt, distributing them to those of the creditors to whom they belong according to their status under the Bankruptcy Act. He has even greater powers than the bankrupt, in that he can recover property and assets fraudulently conveyed by the bankrupt. If the bankrupt was privy to a certain contract, the trustee is by the Bankruptcy Act put in his stead, and the funds due thereunder are payable to him as trustee.

"Although the trustee stands in the place of the bankrupt, he need not comply with section (b) under article IX of the agreement between the bankrupt and the Magee Carpet Company, inasmuch as the buildings were accepted by the Magee Carpet Company after the adjustment of the differences by the trustee, * * * and the fund due under the said agreement is payable to the trustee by the Magee Carpet Company. The withholding of it by the Magee Carpet Company does not give the subcontractors a lien upon the money so retained, nor does it operate as an equitable assignment of it, or give them the right to maintain any suit at law or in equity.

"On the question as to whether the complainant is entitled to receive the amount it claims out of the fund held by the Magee Carpet Company under article IX, sections (b) and (c), it is evident that the agreement was between the Magee Carpet Company and the H. A. Moore Company and that the subcontractor, the Bloomsburg Brick Company, was not privy to the contract. It was not even thought of at that time, and, being a stranger to the contract, could not benefit by it. The complainant wishes to set up the agreement entered into by the bankrupt and the Magee Carpet Company, and make it, together with the architect, the arbiter of the question before the court to the prejudice of other creditors whose rights must be preserved. This cannot be legally done. To render a contract between two persons bind-

ing in favor of a third, it must appear, first, that it was intended to confer an indefeasible interest or right on the latter, and, next, that one might otherwise be made answerable twice for the same default. Vadikin v. Soper, 2 Am. Leading Cases, 142.

"Judge Kirkpatrick, of the United States District Court, Eastern District of Pennsylvania, decided in Re McCown & Co., Bankrupt, 31 F.(2d) 334, that Bache & Co., members of the Philadelphia Stock Exchange, could not appropriate the funds held by them belonging to the bankrupt, for the benefit of the members of the exchange who were creditors of the bankrupt under their exchange rules or agreement in detriment to the general creditors, but that distribution must be made to all creditors.

"The referee has also taken in consideration the case of In re Mason-Curley-Brady, Inc., Bankrupt, No. 4926, 28 F.(2d) 981, in bankruptcy, United' States District Court for the District of Maryland (decision made November 2, 1928), wherein the referee was overruled by Judge Coleman and subcontractors were allowed their claims. This decision is not good law in Pennsylvania, where privity to contract must be shown by a third party, or that the contract entered into conferred an indefeasible interest upon that third party.

### "Conclusions of Law.

"(1) That under the provisions of the Bankruptcy Act, the trustee in bankruptcy takes the property of the bankrupt, in cases unaffected by fraud, under the same rights and equities which were imposed upon the bankrupt, and under the 1910 amendment of the Bankruptcy Act, under section 47a(2), 11 USCA § 75(a) (2), the trustee's powers have been extended so that he has more than the limited title of the bankrupt. This applies to things in possession as well as to choses in action. Grand Rapids Trust Co. v. Nichols, 199 Mich. 126, 165 N. W. 667, 40 A. B. R. 801.

"(2) That the rule of the common law is that no one can maintain an action in his own name upon a contract to which he was not a party. Wharton on Contracts, p. 784; Hare on Contracts, p. 193; Second National Bank v. Grand Lodge, F. & A. M., 98 U. S. 123, 25 L. Ed. 75. The rule that if one party pay money to another for the use of a third person, or, having money belonging to another, agrees with that other to pay it to a third party, an action lies by the party beneficially interested, but does not apply where the contract is for the ben-

efit of the contracting party, and the third person is a stranger to the contract and consideration. Green Co. v. Southern Surety Co., 292 Pa. 304, 141 A. 27; In re Gubelman, 13 F.(2d) 730 (C. C. A. 2), 48 A. L. R. 1037; Guthrie v. Kerr, 85 Pa. 303; Robertson & Co. v. Reed, 47 Pa. 115; Kountz v. Holthouse, 85 Pa. 235; Blymire v. Boistle, 6 Watts, 182, 31 Am. Dec. 458; Geist's Appeal, 104 Pa. 351.

"(3) That the special master is of the opinion that the Bloomsburg Brick Company was not privy to the contract between the H. A. Moore Company and the Magee Carpet Company, but a stranger and not even thought of when same was made. That the benefit of the contract moved wholly between the parties thereof, and not to another not mentioned in the contract. That the Bloomsburg Brick Company could not sue the Magee Carpet Company under this contract and recover from it out of the fund in its hands and payable to H. A. Moore Company, regardless as to whether H. A. Moore Company is bankrupt or not. That the bill in equity by the Bloomsburg Brick Company against the Magee Carpet Company should be dismissed. That the remedy of the Bloomsburg Brick Company was against the H. A. Moore Company alone. See Mosser v. Donaldson (Pa.) 10 A. 766; Grubb's Appeal, 66 Pa. 117; Crown Slate Co. v. Allen, 199 Pa. 239, 48 A. 968; Torrens v. Campbell, 74 Pa. 470; Getty & Morris, Copartners, v. Pennsylvania Institution for the Blind, 194 Pa. 571, 45 A. 333.

### "Recommendation.

"Your master therefore recommends to your honorable court that the rule on D. R. Erdman, trustee for H. A. Moore Company, bankrupt, upon the petition of the complainant, the Bloomsburg Brick Company be dismissed. That the funds in the hands of the Magee Carpet Company be paid to D. R. Erdman, trustee. The records costs incident to this proceeding to be paid by the bankrupt estate."

This report is now before the court for review. Under the facts of the case, as found by the special master, one decisive question of law arises: Whether the Bloomsburg Brick Company or the trustee in bankruptcy is entitled to the said sum of $1,280.70, with interest from April 20, 1926.

The Bloomsburg Brick Company is not a party in any way to the contract between the H. A. Moore Company, Inc., the contractor, and the Magee Carpet Company, owner. The stipulations in the contract

authorizing the entry of record of the provisions against mechanics' liens and the withholding by the owner from the contractor of amounts due laborers and materialmen were solely for the benefit of the Magee Carpet Company, the owner.

No suit could be maintained against the Magee Carpet Company by the Bloomsburg Brick Company to recover any amount due it for labor and materials furnished to the H. A. Moore Company, Inc. Before the intervention of bankruptcy proceedings, the Bloomsburg Brick Company might have sued the H. A. Moore Company, Inc., or if no provision against liens was filed, or if improperly filed, the Bloomsburg Brick Company might have entered a mechanic's lien, but, not having done so, it must now file its claim with the referee in bankruptcy.

The position here taken by the court is supported uniformly by many authorities in Pennsylvania. In Erie, to Use, etc., Appellant v. Diefendorf et al., 278 Pa. 31, 122 A. 159, it was held that: "A materialman cannot maintain an action on a municipal contractor's bond where neither the ordinance authorizing the contract, the contract itself, nor the bond, authorize suit to be brought in the name of materialmen." On page 36 of 278 Pa. (122 A. 160) Mr. Chief Justice Moschzisker, in delivering the opinion of the court, said:

"The contract, which as before stated is written into the bond, provides: 'And it is further agreed and understood that the said party of the first part shall pay all workmen employed on said work, and for all materials used in said work, from time to time as estimates on said work are paid by the City of Erie, and also that if said party of the first part shall fail to pay for all material used in said work, or fail to pay the men employed thereon, it shall be lawful for the city of Erie to do so for the said first party, and deduct the amount so paid from any funds due or to become due said contractor, or if an amount sufficient for the purpose is not or will not be due said contractor, the city of Erie, at its option, may pay all such claims and recover the amount so paid from the party of the first part, and that the contractor's sureties shall be expressly holden therefor.'

"When the ordinance, contract, and bond are all considered, it is quite plain that the latter instrument, so far as it mentions payment by the contractors for labor and materials, simply expresses the intention of the parties that the bond shall stand back of the provisions of the contract quoted by us in the paragraph last above, in order to guarantee the city against loss should it, on the default of the contractor, make payments in accord with the terms there expressed (Lancaster v. Frescoln, 203 Pa. 640, 643, 644, 645 [53 A. 508]); the bond was not in any sense intended to create or acknowledge a direct obligation to laborers and materialmen. The court below, therefore, was right in holding that 'the case at bar does not fall within any of the exceptions to the well-settled rule of the common law that one not a party to an obligation cannot maintain an action thereon,' and as already shown, no facts which 'give him the right to use the name of the obligee' are averred in appellant's statement of claim; this we held to be essential in Board of Education v. Massachusetts Bonding & Insurance Co., 252 Pa. 505, 506 [97 A. 688]."

And now, February 25, 1929, the exceptions to the report of the special master are overruled, and his report is confirmed, and the petition of the Bloomsburg Brick Company and the rule granted thereon are dismissed, and the Magee Carpet Company is directed to pay over to D. R. Erdman, trustee in bankruptcy for H. A. Moore Company, Inc., the said sum of $1,280.70, with interest from April 20, 1926. The costs are to be paid out of the bankrupt estate.