# Clydesdale Brick & Stone Co. *v.* Globe Indemnity Co., Appellant.

*Practice, C. P.—Affidavit of defense—Sufficiency.*

Judgment for want of a sufficient affidavit of defense was properly entered in an action of assumpsit upon a contractor's bond, where the affidavit failed to set out a full and concise statement of the material facts relied upon, and amounted to no more than a general denial of the averments of fact in the statement of claim, and was palpably evasive.

*Practice, C. P.—Action upon bond—State highway contracts—Right of action against surety—Parties.*

In an action on a surety bond of a contractor, given in connection with the construction of a portion of a state highway, it is not necessary to bring suit in the name of the Commonwealth. A subcontractor may sue in his own name.

Argued May 2, 1922. Appeal, No. 130, April T., 1922, by defendant, from judgment of C. P. Allegheny County, Oct. T., 1921, No. 1337, making absolute rule for judgment for want of a sufficient affidavit of defense, in the case of the Clydesdale Brick & Stone Company v. The Globe Indemnity Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Dismissed.

Rule for judgment for want of a sufficient affidavit of defense. Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court and in the following opinion filed in the court below:

This suit is brought on a contractor's bond, given pursuant to the requirements of the Act of May 31, 1911, P. L. 468. A copy of the bond is attached to the statement of claim and made part thereof. The balance alleged to be due is $949.66. The contract is pleaded and a copy thereof attached to the statement.

The defendant denies liability. The denial is palpably evasive. In paragraph 2 defendant denies that it and the contractor "on September 27, 1917, executed and delivered"......"a bond in the penal sum of $22,912.70, conditioned inter alia," etc. Whether defendant meant to deny the execution of a bond or that it was not signed on the date alleged does not appear. Whether the defense is that the "conditions of the bond" are not as recited or the copy is not an exact copy is uncertain.

The same defect appears in paragraph 3 of the defense. The averment is, "Defendant denies that a contract in writing was entered into......during the month of July, 1918, as alleged in paragraph 4 of the plaintiff's statement."

It is nowhere specifically denied that the copies of the bond and contract attached to the statement are true and correct copies. Other averments of the affidavit are equally evasive and of uncertain meaning.

Paragraph 5 of the statement of claim sets out the number and types of brick manufactured for and delivered to the contractor and that same were used by him in the performance of his contract. Paragraph 4 of the affidavit of defense reads, in part, "Defendant denies that pursuant to and in accordance with the terms of said contract plaintiff manufactured and delivered" to the contractor "between the months of July and November, 1918," the brick specified in the statement of claim, and denies that said materials were "actually used in the construction" of the highway, etc. Whether this averment is intended as a denial that any contract was entered into or as a denial of performance is uncertain; but if the latter, it is an implied admission that the contract existed, though the contrary is implied in paragraph 3 of the defense.

In paragraph 8 defendant avers "that it is informed by Di Giorno that a large quantity of the brick furnished to him by the plaintiff for use in the said highway was not in accordance with the contract and specifications

and could not be used and were rejected by the said Di Giorno as well as the representative of the Commonwealth of Pennsylvania."

It is here admitted brick were furnished by plaintiff to Di Giorno and averred that a large quantity of the brick so furnished was not in accordance with the contract.

The words "large quantity" may mean a thousand or any other number, depending upon circumstances. Moreover, it is pertinent to inquire why, if no contract existed, does defendant allege that the materials furnished were "not in accordance with the contract"?

In the 9th paragraph defendant says: "It is informed by Di Giorno," etc., and in the 11th that the "statements above set forth are true and correct where made upon his (affiant's) knowledge and where made on information derived from others he believes them to be true and correct, as he is advised, informed and believes and expects to be able to prove upon the trial of this suit." In a word, affiant says Di Giorno told defendant a large quantity of brick furnished was not in accordance with the contract, but does not say whether he expects to prove that fact or that because of defects "a large quantity" could not be used.

It is only necessary to compare the averments of paragraph 2 with the averments of paragraph 10 of the affidavit of defense, which we here quote, to discover the absence of a meritorious defense:

"2. The defendant denies that it and Di Giorno on September 27, 1917, executed and delivered to the Commonwealth of Pennsylvania a bond in the penal sum of $22,912.70 conditioned inter alia, that the said Di Giorno should well and truly pay all persons furnishing material used in the construction of a certain section of highway in Washington Township, Fayette County."

"10. The defendant further avers that under the terms of a certain bond executed by the defendant and delivered to the Commonwealth of Pennsylvania on September 27, 1917, it is not obligated to the plaintiff, the obli-

462, (1922).] Opinion of Court below—Arguments.

gation running to the Commonwealth of Pennsylvania and no claim has been presented under the said bond by the Commonwealth of Pennsylvania."

The first denies the execution of a bond "conditioned inter alia," etc.; the second admits the execution of a "certain bond," and in neither is there a specific denial that the copy attached to the statement of claim is a true copy of the bond in suit, or any averment that defendant did not sign a bond of which the bond attached is a true and correct copy.

The court below made absolute the rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was the judgment of the court. '

*F. K. Willmann,* and with him *J. K. Spurgeon,* for appellant.—The bond is conditioned to pay all and every person furnishing materials, and the word so used does not include private corporations: School Directors v. Carlisle Bank, 8 Watts 289; Com. v. Real Estate Trust Co., 26 Pa. Superior Ct. 149.

The action should have been brought in the name of the Commonwealth, to the use of the plaintiff, and must fall because not properly brought: Kiskaddon v. Dodds, 21 Pa. Superior Ct. 351; Bates v. Cullum, 177 Pa. 633.

*James M. Graham,* and with him *Patterson, Crawford, Miller & Arensberg,* for appellee.—The general denials of the affidavit of defense are not sufficient to prevent judgment: McCracken v. First Ref'd Pres. Congregation of Pittsburgh, 111 Pa. 106; National Deposit Bank v. Mawson, 46 Pa. Superior Ct. 85; Leas v. Hafer, 39 Pa. Superior Ct. 160.

Plaintiff, having furnished materials used in the construction of a state highway for which it has not been paid, may sue in its own name: H. H. Robertson Co. v. Globe Indemnity Co., 268 Pa. 309.

OPINION BY GAWTHROP, J., July 13, 1922:

Plaintiff, a subcontractor, sought to recover from the contractor's surety a balance due for materials furnished by plaintiff in the course of construction of a section of highway under the State Highway Act of May 31, 1911, P. L. 468. The court below made absolute a rule for judgment for want of a sufficient affidavit of defense, and defendant brings this appeal. The only questions raised by the assignments of error are as follows: 1. Was the affidavit of defense sufficient to prevent judgment? 2. Can a subcontractor recover against the surety on a bond given the Commonwealth by a contractor under the provisions of the State Highway Act of May 31, 1911, P. L. 468? Other questions were argued in this court, but they were not raised in the court below and are not properly raised here.

1. The opinion of the learned court below, which will appear in the report of this case, clearly vindicates his conclusion that the affidavit of defense was palpably evasive. It utterly failed to set out a full and concise statement of the material facts relied upon so that plaintiff might know with reasonable certainty the nature and character of the defense. It amounted to no more than a general denial of the averments of fact in the statement of claim, coupled with an inferential admission of facts previously denied.

2. Defendant's contention that, under the bond declared upon, suit must be brought in the name of the Commonwealth has been answered adversely to defendant in the case of H. H. Robertson Co. v. Globe Indemnity Co., 268 Pa. 309, where, in a suit upon a bond identical in terms with the bond in this case, it was held that a subcontractor furnishing materials might sue in his own name.

Appeal dismissed at costs of appellant.