# Commonwealth to use *v.* Piel Construction Co. (et al., Appellant).

*Road law—State highways—Material furnished to contractor—Suit on contractor's bond—Premature suit—Principal and surety—Jurisdiction—Commonwealth—Acts of May 31, 1911, P. L. 468, and May 16, 1921, P. L. 650.*

1. A suit brought in the name of the Commonwealth by a materialman for his own use and benefit on a contractor's bond, for material used in making a state highway, is, under the Acts of May 31, 1911, section 13, P. L. 468, and May 16, 1921, P. L. 650, prematurely brought where there has been a completion of the contract, but no final settlement between the contractor and the Commonwealth. The court has no jurisdiction of such a suit.

2. The primary purpose of the Act of May 16, 1921, was not to create a right of action in supply and materialmen, but rather to protect the interests of the Commonwealth, since it was feared that the bonds might be exhausted to the latter's prejudice before the state had made final settlement with the contractor.

Argued May 12, 1925. Appeal, No. 271, Jan. T., 1925, by the Maryland Casualty Co., defendant, from order of C. P. Snyder Co., Oct. T., 1924, No. 81, dismissing questions of law raised by affidavit of defense, in case of Commonwealth, to use of Charles G. Hendricks, trading as Geo. R. Hendricks & Son, v. Piel Construction Co. and Maryland Casualty Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit on bond.

Question of law raised by affidavit of defense. Before POTTER, P. J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff on questions of law raised by affidavit of defense. The Maryland Casualty Co., defendant, appealed.

*Error assigned* was judgment, quoting bill of exceptions.

*Job J. Conklin,* for appellant.—The suit was premature: Com. v. New Amsterdam Casualty Co., 3 Pa. Dist. R. 77; United States ex rel. v. McCord, 233 U. S. 157; United States v. Winkler, 162 Fed. R. 397; Illinois Surety Co. v. Peeler, 240 U. S. 214.

*Charles P. Ulrich* and *E. E. Pawling,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, June 27, 1925:

The question here involved is whether, under the provisions of section 13 of the Act of May 31, 1911, P. L. 468, as amended by the Act of May 16, 1921, P. L. 650, plaintiff, who furnished the Piel Construction Co. with materials and supplies used in making a state highway, prematurely brought suit, in the name of the Commonwealth for his own use and benefit, on a contractor's bond, when there had been a completion of the contract, but no final settlement between the contractor and the Commonwealth.

If the suit was premature, the court below had no jurisdiction to entertain it. Speaking of the federal statute (Act of Feb. 24, 1905, c. 778, 33 Stat. 811), from which our own legislation appears to have been copied, the United States Supreme Court said in U. S. ex rel. Texas P. C. Co. v. McCord, 233 U. S. 157, 162: "By this statute a right of action upon the bond is created in favor

of certain creditors of the contractor [as with the Pennsylvania Act of 1911]. The cause of action did not exist before and is the creature of the statute. The act does not place a limitation on the cause of action theretofore existing, but creates a new one upon the terms named in the statute......and gives a special remedy for it......[With us the special remedy given by the Act of 1911 is regulated and limited by the Act of 1921]. Upon well settled principles, the limitations on such liability become a part of the right conferred, and compliance with them is made essential to the assertion and benefit of the liability itself." See also Stitzer v. U. S. tc use of Vaughan, 182 Fed. R. 513, 516; U. S. to use of Gibson Lumber Co. v. Boomer, 183 Fed. R. 726, 730.

The court below concluded that, owing to a provision in the Act of 1921, hereinafter called attention to, "the suit of the creditors of the contractor must be brought within one year after the completion of the work under the contract," and entertained plaintiff's action on the theory that, since suit must be brought within the period named, it may be so brought "even though the Commonwealth has not made final settlement within the year"; thus was jurisdiction assumed. The Maryland Casualty Company, surety on the bond and one of the defendants in the court below, has appealed, contending that, under the Act of 1921, suit cannot be instituted on such a bond as here involved, by one in the position of plaintiff, "until after the complete performance of said contract and final settlement thereof with the Commonwealth," as provided in the Act of 1921.

Plaintiff not only failed, in his statement of claim, to allege that a final settlement had been made by the Commonwealth prior to the present suit, but he also conceded, both in the court below and in this tribunal, that "no final settlement has yet been made between the Commonwealth and the contractor."

The Act of May 16, 1921, P. L. 654, provides, inter alia, as follows: "If no suit should be brought by the

Commonwealth of Pennsylvania within six months from the completion of said contract and final settlement with the Commonwealth, then the person or persons supplying the contractor with labor and materials shall have a right of action, and shall be and are hereby authorized to bring suit in the name of the Commonwealth of Pennsylvania, for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution. Where suit is instituted by any of such creditors on the bond of the contractor, it shall not be commenced until after the complete performance of said contract and the final settlement thereof with the Commonwealth, and shall be commenced within one year after the performance and said final settlement of said contract, and not later. Where suit is so instituted by a creditor or creditors, no other action shall be brought by any other creditor, but any other creditor may file his claim in the action first brought and be made a party thereto *within one year from the completion of the work under said contract, and not later.*"

It is the italicized provision which caused the court below to conclude that suit might be brought by a creditor of the contractor "within one year after the completion of the work under the contract even though the Commonwealth [had not] made final settlement within that year," and, therefore, that the instant suit was not premature.

It is quite true that the provision under immediate discussion omits all mention of "final settlement" with the Commonwealth; but, when the section in question is read in its entirety, with the statute as a whole, it is evident that, since the original suit (to which the person intervening must be made a party) cannot be brought "until after the complete performance of [the] contract and the final settlement thereof with the Commonwealth," the words "within one year from the completion of the work under said contract," subsequently employed in the

section, must be construed as including the element of final settlement with the Commonwealth. This is the construction given the Federal statute of 1905, supra, in London & Lancashire Indemnity Co. v. Smoot, 287 Fed. R. 952, 956, where the court said, "Statutes should be so construed as will effectuate the legislative intention, and, if possible, avoid injustice or absurd results...... In view of the interpretation given to the [present] act by the Supreme Court in [Bryant Co. v. New York S. F. Co., 235 U. S. 327]......, that its purpose was to unite all claimants in a single proceeding, as to whom the statute of limitations begins to run from the same event, and that the date of final settlement is the time from which it begins to run as to a creditor [first suing on the bond], we hold that the time limit intended, within which other creditors may intervene......, is within a year from the date of the same settlement. Such settlement is the 'same event' for both the instituting and intervening creditors." The phrase "same event" is taken from the opinion in the Bryant Case, where the Supreme Court states: "The act imposes a limitation of time on all claimants, the time to......run from the same event."

As we understand the record, appellee was what is called in the London & Lancashire Case an "instituting" creditor; as to whom, the statute, in plain and unambiguous language, states: "Where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and the final settlement thereof with the Commonwealth, and shall be commenced within one year after the performance and said final settlement of said contract and not later." Hence the present suit is premature, and should have been so declared by the court below.

The primary purpose of the Act of 1921 was not, as appellee supposes, to create a right of action in supply- and materialmen, for this court decided in Robertson v.

Globe Co., 268 Pa. 309, that such a right existed under the Act of 1911. It is more probable that the amending act was passed to protect the interests of the Commonwealth, since it was feared that bonds such as the one now before us might be exhausted to the latter's prejudice before the State had made final settlement with the contractor. Accordingly, the Act of 1921 prescribes both the time and the manner in which suits on such bonds may be brought, the interests of material- and supply-men being made secondary to those of the Commonwealth; and in construing the statute this primary purpose must be kept in mind.

The order appealed from is reversed and the record is remitted to the court below with directions to dismiss plaintiff's suit.