## Commonwealth et al. *v.* National Surety Company, Appellant.

*State highways—Bonds—Action on—Limitation—Acts of May 16, 1921, P. L. 650 and May 31, 1911, P. L. 468.*

The Act of May 16, 1921, P. L. 650, amending the Act of May 31, 1911, P. L. 468, and requiring action to be brought on a bond, given the Commonwealth by a contractor for the construction of a state highway, within one year after performance and final settlement with the Commonwealth, is not retroactive and does not apply to a bond given under the earlier act.

Argued March 7, 1928. Appeal No. 44, February T., 1928, by defendant from judgment of C. P., Lackawanna County, March T., 1925, No. 212, in the case of Commonwealth of Pennsylvania to the use of Pratt Lumber Company, Inc., v. National Surety Company. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM, JJ. Affirmed.

Assumpsit on a bond given the Commonwealth by a contractor for the construction of a state highway, as required by the Act of May 3, 1911, P. L. 468. Before MAXEY, J.

The case was referred to Reese H. Harris, Referee, under the Act of 1869 and its supplements.

The referee found for the plaintiff in the sum of $1,559.22. Subsequently, upon exceptions to the referee's report, the court dismissed the exceptions and entered judgment in accordance with the referee's report. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

Ralph W. Rymer, and with him James K. Peck, for appellant.

Philip V. Mattes, of Kaufman, Mattes & Levy, and with him Edwin H. Moody, for appellee.

OPINION BY LINN, J., April 16, 1928:

Appellant surety company denies liability on its bond on the ground that suit was brought too late; no other question is involved; the answer depends on whether the amendatory act of May 16, 1921, P. L. 650, is retroactive.

The bond was given to the Commonwealth pursuant to the Act of May 31, 1911, P. L. 468, by a contractor for the construction of a state highway; the contractor failed and its receiver completed the work. The use-plaintiff had furnished to the contractor materials used in the highway but not paid for. Completion of the contract and final settlement by the Commonwealth (Com. v. Piel Cons. Co., 284 Pa. 64, 67) were fixed as of January 21, 1922. Suit was not brought until January 24, 1925; appellant contends it should have been brought within one year after January 21, 1922, pursuant to section 13 of the act of 1921, supra.

The bond was delivered December 3, 1919; the materials were furnished while the act of 1911 was in effect, and before the amendment was passed. Under the act of 1911, suit could not be brought by a material man until after final estimate of completion had been furnished by the Department of Highways. Before that final estimate could be given, the act of 1911 was amended by the act of 1921.

If the one year period of limitation established in 1921 applies, suit was too late; if not, it was in time. Is the act of 1921 retroactive in this respect? As the

rule on the subject of retroactive legislation was recently given thorough consideration in Merrick v. DuPont, 285 Pa. 368, 371, it is enough now to refer to what was said there without repeating the discussion; it controls this appeal. The amendment contains no express provision making it retroactive; the presumption is against it; there is no reference to obligations under existing bonds outstanding under the act of 1911, or to existing causes of action; and the bond required by the later act is essentially different from that required by the earlier one.

The primary purpose of the amendment of 1921 was to afford priority to the Commonwealth over material and supplymen: Com. v. Piel, 284 Pa. 64, 69. In that case, it was said "It is more probable that the amending act [of 1921] was passed to protect the interests of the Commonwealth, since it was feared that bonds such as the one now before us might be exhausted to the latter's prejudice before the State had made final settlement with the contractor. Accordingly the act of 1921 prescribes both the time and the manner in which suits on such bonds may be brought, the interests of material and supplymen being made secondary to those of the Commonwealth; and in construing the statute, this primary purpose must be kept in mind." Under the act of 1911, suit in the name of the Commonwealth was apparently not required; it could be maintained in the name of the materialman: Robertson v. Globe In. Co., 268 Pa. 309; Clydesdale Co. v. Globe In. Co., 79 Pa. Superior Ct. 462. This was changed by the amendment of 1921.

Judgment affirmed.