Commonwealth, to use, Appellant, *v.* Globe Indemnity Co.

Argued May 25, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. W. Paff,* of *Smith & Paff,* for appellant.

*Asher Seip,* for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 30, 1933:

The Juniata Company of Philadelphia entered into a contract with the County of Northampton to furnish material and perform work in the improvement of a section of highway in the Borough of Nazareth. The bond given by the contractor, on which defendant was surety, contained an agreement that "any person, firm or corporation who has furnished labor and materials, used in and about the construction of said highway and payment for which has not been made," should have the right to sue and obtain judgment thereon, the procedure to follow that prescribed for similar actions, under State contract bonds, by the Act of May 31, 1911, P. L. 468, as amended, "except that, where the words 'Commonwealth of Pennsylvania' appear in said acts the County, which is the obligee herein, shall be substituted," that is, the suit should be brought in the name of the County of Northampton instead of that of the Commonwealth.

Making the substitution authorized by the bond, the Act of May 16, 1921, P. L. 650, amending section 13 of the Act of 1911, supra, provides, inter alia: "If no suit should be brought by the [Commonwealth of Pennsylvania] *County of Northampton* within six months from the completion of said contract and final settlement with the Commonwealth, then the person or persons supplying the contractor with labor and materials shall, upon application therefor and furnishing affidavit to the State Highway Department that labor and materials for the

prosecution of such work have been supplied by him or them and that payment for the same has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be and are hereby authorized to bring suit, in the name of the [Commonwealth of Pennsylvania] *County of Northampton,* for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution. Where suit is instituted by any of such creditors on the bond of the contractor, it shall not be commenced until after the complete performance of said contract and final settlement thereof with the Commonwealth, and shall be commenced within one year after the performance and said final settlement of said contract, and not later."

The use-plaintiff here, not receiving payment for materials and labor which it furnished the contractor, instituted suit on the bond on November 16, 1929. The only question before us is, whether this action was begun within a year after final settlement. The solution of this problem depends on the meaning of the words "final settlement."

The contract in question, though in the name of the County of Northampton, was awarded on specifications and plans furnished by and subject to the approval of the State Department of Highways, which had complete supervision of the contract; it inspected and approved the work and was the sole judge of its performance; and in case of failure of the contractor to carry out the contract according to specifications, the secretary of highways was authorized to take over the work and proceed to finish it, and a decision to do so was binding on all parties.

A final estimate of materials and labor, for which a balance was due the contractor, was made on December 28, 1927, by the Department of Highways and certified to the County Commissioners of Northampton County, who approved and paid the warrant November 19, 1928.

Section 13 of the Act of 1911, as amended by the Act of 1919, P. L. 428, and the Act of 1921, supra, having been included by reference in the contract bond as containing conditions of procedure to be followed by a materialman in a suit such as the present one, the meaning attaching to the words of the act must be assumed to apply, since there is nothing in the bond or contract showing an intent to change that meaning. In Com. v. Piel Construction Co. et al., 284 Pa. 64, 65, this court stated that the legislation here involved appeared to have been copied from the Federal Act of February 24, 1905, c. 778, 33 Stat. 811, and the court was guided in that case by Federal court decisions on the point presented. The court below, in this case, relied on interpretations of the phrase "final settlement," found in a long series of United States courts cases construing the Federal Act of 1905, which uses precisely the same words as those quoted above from the Act of 1921. In Illinois Surety Co. v. U. S., to use of Peeler et al., 240 U. S. 214, the United States Supreme Court (at page 219) said: "The word 'settlement' in connection with public transactions and accounts has been used from the beginning to describe administrative determination of the amount due," and "in view of the significance of the......term ['final settlement'] in administrative practice, it is hardly likely that it would have been used had it been intended to denote payment." The opinion gives reasons why this phrase has come to be regarded as signifying the final administrative determination of the amount due, which we will not recite here. Lambert Lumber Co. v. Jones Engineering & Construction Co., 47 Fed. (2d) 74, also a suit brought by unpaid materialmen, cites the Peeler case and analyzes numerous cases decided thereunder. United States, to use of Sadler & Co., v. W. H. French D. & W. Co., Inc., et al., 52 Fed. (2d) 235, 237-8, and Consolidated Indemnity & Ins. Co. v. Smoot & Co., Inc., et al., 57 Fed. (2d) 995, likewise follow the Peeler decision. These cases cited above arrive at the conclu-

sion that "final settlement" refers to the computation by the proper governmental authority of the amount which is finally owing under the contract, and the court below correctly held to this construction.

The present contract bond contains within itself corroboration that the above construction of the words final settlement was intended. It cannot be regarded as an oversight that the terms of section 13 of the Act of 1921 as to procedure were to be changed only so far as they referred to the name of the party by whom the suit should be brought. If, as appellant argues, the year should date from final payment by the County of Northampton, the provisions would not have been allowed to remain which read: "If no suit should be brought by the County of Northampton within six months from the completion of said contract and final settlement *with the Commonwealth,*" etc., and "Where suit is instituted by any of such creditors......it shall not be commenced until after the complete performance of said contract and final settlement thereof *with the Commonwealth.*" Nor is it likely, if the whole procedure otherwise was intended to be in the hands of the county, that the subcontractor in order to bring suit, would be obliged to make application for a certified copy of the contract and bond to the State Highway Department and furnish that Department with an affidavit that labor and material had been supplied as claimed. The actual words and the whole implication of the provision are in harmony with the construction placed upon the words "final settlement" by the federal decisions.

The judgment is affirmed.